# United States District Court
## FOR THE DISTRICT OF COLUMBIA

Will H LaRue
Mary Catherine LaRue                          Case No. **1:06-cv-00061**
120 Crestview Rd  (PO Box 1544)
Capitan New Mexico 88316
505-354-0323

        Plaintiff(s),

v.

United States
           Defendant.

## AMENDED COMPLAINT, PETITION, AND CLAIM
## IN THE NATURE OF A COMPLAINT, PETITION, AND CLAIM
## UNDER THE AUTHORITY OF 26 U.S.C. § 7433

## I
## INTRODUCTION

1.    This Honorable Court has subject matter jurisdiction of these proceedings pursuant to 26 U.S.C. §7433, and derives its rights pursuant to Article III of the Constitution of the United States and Title 28 of the United States Code, as interpreted by Nguyen v. United States, 539 U.S. 69 (2003), and by virtue of sufficient pleadings clearly setting forth the right, title and claim of the plaintiff(s). Will H LaRue, Mary Catherine LaRue plaintiff(s), is/are (a) Citizen(s) of New Mexico, a "State in this Union," (Art. IV § 4, United States Constitution), and is/are neither employed by, nor personnel of, the United States Inc., (Art. II, United States Constitution). Defendant through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal tax beginning with "tax year" 1989 and continuing to the present willfully, recklessly, intentionally or by reason of

negligence disregarded and continue to disregard provisions of Title 26 United

States Code and the regulations promulgated thereunder as set forth below.

## II

## JURISDICTION AND VENUE

2.    This court is empowered with subject matter jurisdiction to evaluate the pleadings

of plaintiff(s) under informal, relaxed and less restrictive guidelines than ordinarily

affords litigants in district courts of the United States, especially *pro se* litigants.

*See* Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652.

3.    This court cannot be deprived of subject matter jurisdiction because this action is

procedurally proper, places substantive fact issues before this Court via affidavit,

and is brought to recover damages from defendant because defendant through

principals, officers, agents, and/or employees of the Internal Revenue Service, in

connection with the collection of federal tax willfully, recklessly, intentionally or by

reason of negligence disregarded and continue to disregard provisions of Title 26

United States Code and the regulations promulgated thereunder;

4.    Venue is proper in the United States District Court for the District of Columbia, (26

USC §7433).  The District of Columbia is the permanent seat of government of the

United States pursuant to Title 4, United States Code, § 71, 61 Stat. 643. "The

Office of the Secretary" is required to be exercised in the seat of government,

pursuant to Title 4, United States Code, § 72, 61 Stat. 643, and is so exercised at

1500 Pennsylvania. Ave. N.W., Washington D.C.

5.    Pursuant to Rule 12(b)(6)[1], FED.R.Civ.P., plaintiff(s) herein state(s) claims upon

which relief may be granted and, therefore, *Pro Se* litigant's petition cannot be

dismissed for failure to state a claim upon which relief can be granted.  *See* <u>Haines</u>

<u>v. Kerner</u>, 404 U.S., 92 S. Ct. 594, 30 L. Ed. 2d 652;

## III.

## STATEMENT OF FACTS

6.    Defendants have effectively nullified the pursuit of administrative remedy by

eliminating the Office through which administrative remedy is to be sought.

7.    Plaintiff(s) has/have exhausted all available administrative remedies and may forego

exhausting any administrative remedies that are either futile or inadequate, <u>Ft. Sumter</u>

<u>Tours, Inc. v Andrus</u> (1977, DC SC) 440 F Supp 914, affd (CA4 SC) 564 F2d 1119, 24

CCF ¶ 81817; <u>Winterberger v General Teamsters Auto Truck Drivers & Helpers</u> (1977,

CA9 Or) 558 F2d 923, 96 BNA LRRM 2092, 82 CCH LC ¶ 10085; <u>Wallace v Lynn</u> (1974)

165 App DC 363, 507 F2d 1186, 8 CCH EPD ¶ 9822, or when agency action exceeds

statutory authorization. <u>Georgia Dept. of Transp. v Dole</u> (1983, ND Ga) 561 F Supp 1024;

<u>Blue Ribbon Quality Meats, Inc. v Federal Trade Com.</u> (1976, WD Mo) 434 F Supp 159,

*affd* (CA8) 560 F2d 874, 1977-2 CCH Trade Cases ¶ 61554. and has/have commenced

---

[1] Two decisions of the 9th circuit court of appeals are pertinent in their teachings and applicability here. <u>Huff v United</u> <u>States</u>, 10 F3d 1440 (9th Cir. 1993) and <u>Mulvania v U.S.</u> 214 BR (9th Cir 1997). Each of these 9th Cir decisions make it clear that in order to properly discharge his statutory obligation under 26 USC 6203 of the IRS Code and Sec. 301.6203-1 of the Treasury Regulations, the Commissioner must issue to the requesting tax payer a summary record of assessment (form 23C) signed by a duly appointed assessment officer in order to properly validate an assessment of a tax.

Although plaintiff(s) has/have made demand upon the Commissioner (copy attached) these documents have not been issued to plaintiff(s).

In addition plaintiff(s) would emphasize to the Court that the decision in Huff and Mulvania (supra) also make it abundantly clear that when the question of a properly validated assessment of tax is raised by a taxpayer an important question of fact is presented to the court which may not be cavalierly brushed aside by way of a Rule 12(b)(6) motion to dismiss or by way of summary judgement .Absent an assessment, NO TAX EXISTS. <u>Rosenman v. Commissioner</u>, 323 US 658 (1945) (a tax does not exist absent an assessment)

this action within two (2) years after the date on which the right of this action accrued.

8.      Pursuant to 26 C.F.R. §601.702(c) the IRS is required to answer any correspondence of a "taxpayer" within 10 days. Plaintiff(s) have exhausted administrative remedies in that plaintiff(s) has/have written numerous requests for documents and authorities which require responses from the IRS. The IRS has demonstrated contempt for plaintiff(s) correspondence by failing and/or refusing to respond to plaintiff(s) correspondence or has responded with frivolous responses. Requiring plaintiff(s) to again pursue administrative remedies by engaging additional futile correspondence, which would also go unanswered, or requiring plaintiff(s) to comply with obsolete regulations would amount to nothing more than futile reexhaustion. Hurt v. United States, 914 F. Supp. 1346, (S.D.W.Va. 1996).

9.      The IRS has sent numerous letters to the plaintiff each alleging a different amount in dispute. Thus the amount in dispute cannot be completely and accurately ascertained at this time, but will be more fully known after the completion of discovery.

## IV

## COMPLAINT[2]

COUNT 1

Beginning with "tax year" 1989 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 C.F.R. §601.702(c) by failing to answer

---

[2] This listing is not inclusive. There may be other provisions of Title 26 and its regulations that plaintiff(s) is/are not aware of which have been disregarded.

correspondence of the plaintiff(s) within 10 days.

COUNT 2

Beginning with "tax year" 1989 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, have sent plaintiff a continuing series of collection letters. Plaintiff(s) has responded to the aforementioned collection letters requesting documentation to support the amounts that are claimed to be owed. Plaintiff(s) has/have received no response to his/her/their inquires or have received frivolous responses.

COUNT 3

Beginning with "tax year" 1989 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 U.S.C §6103(a) by disclosing confidential income tax return information to persons not statutorily authorized to receive such information;

COUNT 4

Beginning with "tax year" 1989 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 U.S.C §6201(a) by failing to make any assessment of the taxes and penalties, whatsoever, for any of the aforementioned years plaintiff(s) allegedly owe(s);

COUNT 5

Beginning with "tax year" 1989 through and including the present year defendant,

through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 U.S.C § 6202 by failing to make an assessment of the taxes and penalties, whatsoever, for any of the aforementioned years plaintiff(s) allegedly owe(s), within the time and mode set forth by the secretary;

COUNT 6

Beginning with "tax year" 1989 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 U.S.C. §6501(a) by neglecting to assess taxes owed within three years;

COUNT 7

Beginning with "tax year" 1989 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 U.S.C. §6203 by failing to record an assessment of the taxes and penalties, whatsoever, for any of the aforementioned years plaintiff(s) allegedly owe(s);

COUNT 8

Beginning with "tax year" 1989 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 U.S.C. §6203 by failing to furnish plaintiff(s) copies

of the records of assessment (forms 23C) of taxes and penalties for any of the aforementioned years upon plaintiff(s) request (forms 4340 and RACS 006 are not records of assessment and not only have not been furnished but are not acceptable). Plaintiff(s) has/have requested copies of all of the aforementioned assessment records for all of the aforementioned years. Plaintiff(s) has/have not received any response of any kind;

COUNT 9

Beginning with "tax year" 1989 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 U.S.C. §7214(a) by attempting and continuing to attempt to collect sums greater than appear on [the non-existing] records of assessment of taxes and penalties for any of the aforementioned years ;

COUNT 10

Beginning with "tax year" 1989 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 U.S.C. §6402 by failing to refund all unassessed taxes taken from plaintiff(s) upon plaintiff(s) written request to the United States Treasurer;

COUNT 11

Beginning with "tax year" 1989 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 U.S.C. §6212 by failing to send plaintiff(s) a notice

of deficiency (90 day letter) for each of the aforementioned years;

COUNT 12

Beginning with "tax year" 1989 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 U.S.C. §6213(a) by failing to notice plaintiff(s) of the last date on which plaintiff(s) could file a petition to the Tax Court for each of the aforementioned years;

COUNT 13

Beginning with "tax year" 1989 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 U.S.C. §6320 by failing to notify plaintiff(s) of the filing of a notice of lien for each of the aforementioned years;

COUNT 14

Beginning with "tax year" 1989 through and including the present year defendant, through principals, officers, agents,  and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 U.S.C. §6321 by filing an invalid and unlawful Notice of Tax Lien against plaintiff(s) for each of the aforementioned years;

COUNT 15

Beginning with "tax year" 1989 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 U.S.C. §6325 by failing to release the aforementioned lien(s) when it became obvious that said lien(s) was/were invalid and unlawful;

COUNT 16

Beginning with "tax year" 1989 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 U.S.C. §6404(g) by failing to suspend interest and penalties for reason that defendant has not specifically stated the amount of, and the basis for the liability defendant says plaintiff(s) owe(s) for each of the aforementioned years;

COUNT 17

Beginning with "tax year" 1989 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 U.S.C. §6751(a) by failing to include in a notice imposing a penalty (1) the name of the penalty, (2) the Code section authorizing the penalty, and (3) an actual computation of the penalty;

COUNT 18

Beginning with "tax year" 1989 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 U.S.C. §6751(b)(1) by failing to verify that a supervisor had personally approved, in writing, the initial penalty determination;

COUNT 19

Beginning with "tax year" 1989 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 U.S.C. §7491(c) by refusing to produce any evidence with respect to the imposition of penalties and additions;

COUNT 20

Beginning with "tax year" 1989 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 U.S.C. §7602(a) by conducting a presumed financial status audit for each of the aforementioned years;

COUNT 21

Beginning with "tax year" 1989 through and including the present year defendant,

through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 U.S.C. §7491(b) by refusing to prove items of income which were reconstructed solely through the use of statistical information on unrelated taxpayers for each of the aforementioned years;

COUNT 22

Beginning with "tax year" 1989 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 U.S.C. §6321 by filing of an invalid and unlawful Notice of Tax Levy on plaintiff(s) wages, bank account, & etc;

COUNT 23

Beginning with "tax year" 1989 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 U.S.C. §6331(a) by failing to send plaintiff(s) a ten (10) demand for payment before issuing a levy for each of the aforementioned years;

COUNT 24

Beginning with "tax year" 1989 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, in

connection with the collection of federal income tax willfully, recklessly, intentionally, or by

reason of negligence disregarded 26 U.S.C. §6331(d)(1)(2) by failing to send the plaintiff(s)

a thirty (30) day notice for each of the aforementioned years;

COUNT 25

Beginning with "tax year" 1989 through and including the present year defendant,

through principals, officers, agents, and/or employees of the Internal Revenue Service, in

connection with the collection of federal income tax willfully, recklessly, intentionally, or by

reason of negligence disregarded 26 U.S.C. §6343(b) by refusing to relax a levy after

determination that the total sum of taxes was not collectible;

COUNT 26

Beginning with "tax year" 1989 through and including the present year defendant,

through principals, officers, agents, and/or employees of the Internal Revenue Service, in

connection with the collection of federal income tax willfully, recklessly, intentionally, or by

reason of negligence disregarded 26 U.S.C. §6330(a) by failing to provide plaintiff(s) with

notice of a right to an impartial hearing before issuing a notice of lien and/or levy and/or

other agency action for each of the aforementioned years;

COUNT 27

Beginning with "tax year" 1989 through and including the present year defendant,

through principals, officers, agents, and/or employees of the Internal Revenue Service, in

connection with the collection of federal income tax willfully, recklessly, intentionally, or by

reason of negligence disregarded 26 U.S.C. §7123(b)(1) by failing to provide plaintiff(s) with non-binding mediation before issuing a notice of lien and/or levy and/or other agency action for each of the aforementioned years;

COUNT 28

Beginning with "tax year" 1989 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 U.S.C. §6159 by abrogating plaintiff(s) guaranteed availability of an installment agreement;

COUNT 29

Beginning with "tax year" 1989 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded by failing to comply with  the Federal Records Act, 44 USC § 3101,  the National Archives Act, 44 USC § 3106, and federal regulations, at 36 CFR Part 1222, which requires the IRS to make and preserve records containing adequate and proper documentation of, the organization of the agency; the functions of the agency; the policies of the agency; the decisions of the agency; the procedures of the agency; and the essential transactions of the agency. This failure is supported by the GAO audit reports for the years 1993 through and including 2005.  Plaintiff(s) provide an extraction from the

aforementioned GAO audit reports in support of this claim: The following extractions from

the GAO audit reports for the years 1993 through and including 2003 establish that without

exception: IRS records are generally unreliable, the IRS cannot generate a file or listing

of detailed transactions such as assessments, collections, abatements, refunds, and

interest recorded; IRS permits employees to make unauthorized access and modifications

to taxpayer information; IRS cannot retrieve the detailed information needed to summarize

individual types of transactions, such as penalties or interest, or support the information

included in IRS' reports; IRS cannot ensure that (1) manual entries are appropriate and

authorized and (2) any keying errors associated with manually inputted entries are

detected; IRS' systems do not routinely produce reliable information about valid and

collectible accounts receivable; IRS' automated records contain errors and IRS does not

record tax assessments, payments and other activities; IRS controls over cash, checks and

related hard copy taxpayer data it receives from taxpayers do not sufficiently limit the risk

of theft, loss, or misuse of such funds and data; many assessments were erroneous; IRS

stated that it generally agreed with the findings and conclusions in the reports.

## V
## Legal Authority

1.      Section 7433 of the Internal Revenue Code provides "taxpayers" with a cause of

action for damages against the United States when in connection with the collection

of any federal tax where IRS principals, officers, agents, , and/or employees willfully,

recklessly, intentionally or by reason of negligence disregard any provision of Title

26 United States Code and the regulations promulgated thereunder.

2.    Before sums deposited in respect of a "presumed taxpayer" can be converted to use by the United States Treasury, the "taxpayer" must be assessed.  The term "assessment" has a technical meaning binding on a court and on the government. United States v. Miller, 318 F.2d 637, (7th Cir. 1963); See also Davis v Strople (Fla) 39 So 2d 468; People ex rel. Mayfield v Springfield, 16 Ill 2d 609, 158 NE2d 582;, 77 Ohio St 311, 83 NE 392;  Morissette v United States, 342 US 246; 96 L.Ed. 288; 72 S. St 240;  Case v Los Angeles Lumber Products Co. 308 US 106, 84 L Ed 110, 60 S Ct 1, reh den 308 US 637, 84 L Ed 529, 60 S Ct 258.

3.    The assessment process regarding federal income taxes is a matter controlled by statutes and regulation; **IT IS NOT POSSIBLE FOR A "TAXPAYER" TO MAKE AN ASSESSMENT**. 26 C.F.R. §§ 301.6201-1 and 301.6203-1; Girard Trust Bank v. United States, 643 F.2d 725 (Ct.Cl. 1981).

4.    The *Internal Revenue Code* articulates clearly what an "assessment" is and the *Code* clearly defines the form which is to be completed for an assessment.  In the 1954 and 1986 Internal Revenue Codes, § 6201(a) authorizes the Secretary of the Treasury to make assessments.

5.    The method of recording an administrative act such as an assessment is governed by § 6203, which provides:

>     The assessment shall be made by recording the liability of the
>     taxpayer in the office of the Secretary in accordance with rules or

regulations prescribed by the Secretary. <u>Upon request of the taxpayer</u>, the Secretary shall furnish the taxpayer a copy of the record of assessment (emphasis added).

6    "The term 'Secretary' means the Secretary of the Treasury or his delegate." 26 U.S.C. § 7701(a)(11)(B).

7.    The specific tax regulation concerning the assessment process is 26 C.F.R. § 301.6203-1 which reads in pertinent part:

> [T]he director of the regional service center shall appoint one or more assessment officers. The assessment shall be made by an assessment officer signing the summary record of the assessment. The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment. The amount of the assessment shall, in the case of tax shown on a return by the taxpayer, be the amount so shown, and in all other cases the amount of the assessment shall be the amount shown on the supporting list or record. *See* <u>United States v. Coson</u>, 286 F.2d 453 (9th Cir. 1961); <u>Kurio v. United States</u>, 281 F. Supp. 252 (D.C.Tex. 1968); <u>Heck v. Walters</u>, 523 F.2d 23 (C.A. Cal. 1975); <u>United States v. Taylor</u>, 305 F.2d 183 (4th Cir.), *cert. denied*, 371 U.S. 894 (1962).

There can be no dispute that the assessment list is the supporting record and is absolutely essential before an assessment can be made. The regulation references a signed document and is consistent with the supporting statute which provides that the taxpayer is entitled to a copy reference to which implies that a hard copy exists.

8.    By the Internal Revenue Service's own admission in its IR Manual [5312(1), MT

5300-1 (11-15-85)], the assessment lists support the assessment certificate:

> The foregoing statement from the IR Manual is a party admission that an assessment list must exist. *See* <u>United States v. Van Griffin</u>, 874 F.2d 634, 638 (9th Cir. 1989) (Government manuals are admissible as party admissions under Fed.R.Evid. 801(d)(2)(D)).

9.    In addition to the above IRM provision which proves that Form 23-C is the assessment form, established decisional authority also reveals that a tax assessment is made upon Form 23-C. For example, in <u>Meyersdale Fuel Co. v. United States</u>, 44 F.2d 437, 443 (Ct.Cl. 1930), Form 23-C is mentioned: When the Commissioner of Internal Revenue makes an assessment of taxes, he signs a list entitled "Commissioner's assessment list" on Form 23C-1.

10.    In <u>Brafman v. United States</u>, 384 F.2d 863 (5th Cir. 1967), the procedure for the execution of a tax assessment on a Form 23-C was articulated. In *Brafman*, the government sought to attach liability for unpaid estate taxes to an heir of that estate under a transferee liability theory. But, Mrs. Brafman argued that she was not so liable because the assessment certificate relevant in that case was unsigned. In agreeing with that argument and holding the certificate at issue void, the court stated:

> The assessment certificate involved in this case, a photostated [sic] copy of which is in the record, is not signed by an assessment officer or by any other official ... Since the certificate lacks the requisite signature, it cannot constitute a valid assessment. Id. at 865-66.

> Even the instructions on the reverse side of the assessment certificate, Form 23-C, specify that the original form "is to be transmitted to the District Director for signature, after which it will be returned to the Accounting Branch for permanent filing." Id. at 866.

> What is important in any case is that the assessment is not automatic upon recordation; **it requires the action of an assessment officer**. That action, as defined explicitly in the Treasury Regulations, is the signing of the certificate. Id. at 867. *See also* Stallard v. United States, 806 F.Supp. 152, 158 (W.D.Tex. 1992) (Defendant submitted a "Form 23C," which it asserts is a summary record of assessment.) *See also* Robinson v. United States, 920 F.2d 1157 (3rd Cir. 1990).

11.  Merely demanding payment for a tax, even repeatedly, does not cause liability.

     Bothke v. Fluor Engineers and Constructors, Inc., 713 F.2d 1405 (1983).

12.  Several cases disclose the type of information which must be contained on a Form

     23-C tax assessment record and its supporting list.  For example, in Ianelli v. Long,

     329 F.Supp. 1241, 1242 (W.D.Pa. 1971), the description of the various data is as

     follows:

> The procedure for assessment provides, inter alia, that the assessment officer shall sign the summary record of assessments made against any tax payer, that said action, through supporting records, shall provide identification of the tax payer, the character of the liability assessed, the taxable period as applicable, and the amount of the assessment. The date of the assessment is the date the summary record is signed by an assessment officer. 26 U.S.C.A. § 301.6203-1, Code of Federal Regulations. **Since this procedure was not followed, in this case, therefore, the assessment is void and the executions based thereon are invalid** (emphasis added). In Planned Investments, Inc. v. United States, 881 F.2d 340, 343 (6th Cir. 1989), the court examined the requirements of 26 C.F.R. § 301.6203-1 and concluded:
> Section 6203 of Subchapter A provides that assessment be made by recording the liability in accordance with the regulations promulgated

by the Secretary. 26 U.S.C. § 6203 ... Treasury regulations provide that the assessment be made by signing the summary record of assessment. 26 C.F.R. § 301.6203-1. The summary record, through supporting documents, must contain the following:

(1)    identification of the taxpayer;
(2)    character of liability assessed;
(3)    taxable period, if applicable; and
(4)    amount of assessment.

Finally, the court in Robinson v. United States, 920 F.2d 1157, 1158 (3rd Cir. 1990), described the assessment process as:

A duly designated official for the district or regional tax center signs the summary record of the assessment, which identifies the taxpayers, the type of tax owed, the taxable period and the amount of the assessment. 26 U.S.C. § 6203; Treas. Reg. § 301.6203-1. See also Essex v. Vinal, 499 F.2d 265, 230 (8th Cir. 1974).

13.    There is no statutory authority for the IRS to substitute any other form or document for the required form 23-C (Summary Record of Assessment).

14.    Two decisions of the 9th circuit court of appeals are pertinent in their teachings and applicability here. Huff v United States, 10 F3d 1440 (9th Cir. 1993) and Mulvania v U.S. 214 BR (9th Cir 1997). Each of these 9th Cir decisions make it clear that in order to properly discharge his statutory obligation under 26 USC 6203 of the IRS Code and Sec. 301.6203-1 of the Treasury Regulations, the Commissioner must issue to the requesting tax payer a summary record of assessment (form 23C) signed by a duly appointed assessment officer in order to properly validate an assessment of a tax.

Although plaintiff(s) has/have made demand upon the Commissioner (copy attached) these documents have not been issued to plaintiff(s).

In addition plaintiff(s) would emphasize to the Court that the decision in Huff and Mulvania (supra) also make it abundantly clear that when the question of a properly validated assessment of tax is raised by a taxpayer an important question of fact is presented to the court which may not be cavalierly brushed aside by way of a Rule 12(b)(6) motion to dismiss or by way of summary judgement. **ABSENT AN ASSESSMENT, NO TAX EXISTS**. Rosenman v. Commissioner, 323 US 658 (1945) (a tax does not exist absent an assessment) Absent an assessment, NO TAX EXISTS. Rosenman v. Commissioner, 323 US 658 (1945) (a tax does not exist absent an assessment), Ridinsky v. United States, 622 F. Supp. 331 (1985); Estate of M. Karl Goetz v. United States, 286 F.Supp. 128; In re Western Trading Co., 340 F.Supp. 1130 (D.Nev. 1972). **The absence of the requisite documents proves that there has been no assessment and, consequently, no tax exists and no tax collection activities may be pursued.** (**Mandatory Judicial Notice** FED.R.EVID. 201).

15.    It is well established that anyone who deals with the government assumes the risk that the agent acting in the government's behalf has exceeded the bounds of his authority. Bollow v. Federal Reserve Bank of San Francisco, 650 F.2d 1093 (9th Cir. 1981); Lavin v. Marsh, 644 F.2d 1378 (9th Cir. 1981); Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380, 68 S.Ct. 1 (1947); Government of the Virgin Islands v. Gordon, 244 F.2d 818 (3rd Cir. 1957). However, public officers are but agents whose authority

is defined and limited by law.  Their acts beyond their lawful powers are ineffectual
to bind the public, which they represent, and their neglect and laches can seldom
affect public rights.  Hale County, Texas v. American Indemnity Co, 63 F.2d 275 (5th
Cir. 1933); Board of Comm. of Peace Officers Annuity and Benefit Fund v. Clay, 214
Ga. 70, 102 S.E.2d 575, (1958); Pierce v. United States, 7 Wall. (74 U.S. 666, 673
(1868); Federal Trade Commission v. Raladam Co., 283 U.S. 643, 51 S.Ct. 587
(1931); United States v. Forster, 131 F.2d 3 (8[th]Cir. 1942).  The acts of federal
agents — committed without delegated authority — are also held void in Cudahy
Packing Co. v. Holland, 314 U.S. 357, 62 S.Ct. 651 (1942); United States v.
Giordano, 416 U.S. 505, 94 S.Ct. 1820 (1974); United States v. Pees, 645 F.Supp.
687 (D.Col. 1986); United States v. Hovey, 674 F.Supp. 161 (D.Del. 1987); United
States v. Spain, 825 F.2d 1426 (10th Cir. 1987); United States v. Emerson, 846 F.2d
541 (9th Cir. 1988); United States v. McLaughlin, 851 F.2d 283 (9th Cir. 1988); and
United States v. Widdowson, 916 F.2d 587, 589 (10th Cir. 1990).

16.    Plaintiff(s) exclusive remedy is found under 26 U.S.C. § 7433. Schipper v. United
States (E.D.N.Y. 1995); Barron v. United States (D.C.N.H. 1998); Valladares v. IRS
(E.D.Cal. 2001); Gille v. United States, 838 F.Supp. 521 (N.D.Okla. 1993);
Information Resources, Inc. v. United States, 950 F.2d 1122, ( 5th Cir. 1992).

17.    Administrative claims which plaintiff(s) filed with the Internal Revenue Service and
the Secretary of the Treasury work to satisfy the requirement that a "taxpayer" must

exhaust administrative remedies before bringing suit for disregarding provisions of Title 26 United States Code and its regulations in connection with collection activities. Even assuming some minor defect in plaintiff(s) administrative claim, requiring plaintiff(s) to comply with obsolete regulations or to again pursue administrative remedies would amount to nothing more than futile reexhaustion. Hurt v. United States, 914 F. Supp. 1346, (S.D.W.Va. 1996).

18.    The penalties for disclosure of confidential information by an officer or employee of the United States or of any department or agency thereof are prescribed in 18 U.S.C. § 1905. In United States v. Lee, 106 U.S. 196, 1 S.Ct. 240 (1882), the Court held:

> No man in this country is so high that he is above the law. No officer of the law may set that law at defiance with impunity. All the officers of the government, from the highest to the lowest, are creatures of the law and are bound to obey it. It is the only supreme power in our system of government, and every man who by accepting office participates in its functions is only the more strongly bound to submit to that supremacy, and to observe the limitations which it imposes upon the exercise of the authority which it gives.

## VI

## CONCLUSION

19.    As pointed out in ¶14(legal Authorities) **ABSENT AN ASSESSMENT, NO TAX EXISTS**. In the instant matter no forms 23C exist, therefore no assessment exists for any year relevant to this matter. Therefore, no collection activity against plaintiff(s) may be pursued. Thus, all collection activity pursued against plaintiff(s) for the aforementioned years constitutes unlawful collection activity and a disregard

of the provisions of Title 26 U.S.C. and its regulations.

20.    As pointed out in ¶5 (legal authorities) when the question of a properly validated

assessment of tax is raised by a taxpayer an important question of fact is presented

to the court which may not be cavalierly brushed aside by way of a Rule 12(b)(6)

motion to dismiss or by way of summary judgement.

21.    As pointed out in Statement of Facts ¶¶ 6, 7 & 8 the IRS has demonstrated contempt

for plaintiff(s) by failing and/or refusing to respond to plaintiff(s) correspondence or

has responded with frivolous responses. Requiring plaintiff(s) to again pursue

administrative remedies by engaging additional futile correspondence, which would

also go unanswered, or requiring plaintiff(s) to comply with obsolete regulations

would amount to nothing more than futile reexhaustion. Hurt v. United States, 914

F. Supp. 1346, (S.D.W.Va. 1996).

22.    As a direct and proximate result of the reprehensible, egregious, and vexatious

conduct and the wanton disregarding of provisions of Title 26 United States Code

and the regulations promulgated there-under by defendant's principals, officers,

agents, and/or employees of the Internal Revenue Service in connection with the

collection of federal income tax plaintiff(s) has/have suffered one or more of the

following:  (1) substantial personal embarrassment, (2) loss of income, (3) loss of

goodwill, (4) loss of business, (5) loss of property, (6) loss of savings, etc., resulting

in actual damages, the extent of which at this time cannot be completely and

accurately ascertained, but which will be more fully known after a determination, by the court, that the defendant's principals, officers, agents, and/or employees of the Internal Revenue Service in connection with the collection of federal tax from the plaintiff(s), willfully, recklessly, intentionally or by reason of negligence, disregarded any provision of Title 26 United States Code and/or any regulation promulgated under Title 26 United States Code.

23.     Such reprehensible, egregious, and vexatious conduct and the wanton disregarding of the provisions of Title 26 United States Code and the regulations promulgated thereunder by defendant's principals, officers, agents, and/or employees of the Internal Revenue Service in connection with the collection of federal tax entitles plaintiff(s) to punitive damages the extent of which at this time cannot be completely and accurately ascertained, but which will be known more fully known after a determination, by the court, that the defendant's principals, officers, agents, and/or employees of the Internal Revenue Service in connection with the collection of federal tax from the plaintiff(s), willfully, recklessly, intentionally or by reason of negligence, disregarded any provision of Title 26 United States Code and/or any regulation promulgated under Title 26 United States Code.

24.     Defendants have effectively nullified the pursuit of administrative remedy by eliminating the Office through which administrative remedy is to be sought.

Plaintiff(s) may forego exhausting administrative remedies that are either futile or

inadequate, <u>Ft. Sumter Tours, Inc. v Andrus</u> (1977, DC SC) 440 F Supp 914, affd

(CA4 SC) 564 F2d 1119, 24 CCF ¶ 81817; <u>Winterberger v General Teamsters Auto</u>

<u>Truck Drivers & Helpers</u> (1977, CA9 Or) 558 F2d 923, 96 BNA LRRM 2092, 82 CCH

LC ¶ 10085; <u>Wallace v Lynn</u> (1974) 165 App DC 363, 507 F2d 1186, 8 CCH EPD

¶ 9822, or when agency action exceeds statutory authorization. <u>Georgia Dept. of</u>

<u>Transp. v Dole</u> (1983, ND Ga) 561 F Supp 1024; <u>Blue Ribbon Quality Meats, Inc. v</u>

<u>Federal Trade Com.</u> (1976, WD Mo) 434 F Supp 159, affd (CA8) 560 F2d 874, 1977-

2 CCH Trade Cases ¶ 61554. and has/have commenced this action within two (2)

years after the date on which the right of this action accrued.

24.  Section 6103(e)(1)(A)(1) of the Internal Revenue Code, <u>Title 26, United States Code,</u>

<u>§ 6103(e)(1)(A)(1)</u>, grants a statutory right to access one's own tax records.

25.  Federal tax regulation 301.6103-1(c), <u>Title 26, Code of Federal Regulations, §</u>

<u>301.6103-1(c)</u>, reiterates defendants' statutory obligation.

26   Section 7433(a) of the Internal Revenue Code, *Vol 68A, Stat 3, § 7433(a)*, <u>Title 26,</u>

<u>United States Code § 7433(a)</u>, states:

"If, in connection with any collection of Federal tax with respect to a taxpayer,
any officer or employee of the Internal Revenue Service recklessly or
intentionally, or by reason of negligence, disregards any provision of this title,
or any regulation promulgated under this title, such taxpayer may bring a civil
action for damages against the United States in a district court of the United
States. Except as provided in section 7432, such civil action shall be the
exclusive remedy for recovering damages resulting from such actions.

27.  Federal tax regulation 301.7433-1(a), Title 26, Code of Federal Regulations,
§301.7433-1(a), reiterates,

"If, in connection with the collection of a federal tax with respect to a taxpayer, an officer or an employee of the Internal Revenue Service recklessly or intentionally[3] disregards any provision of the Internal Revenue Code or any regulation promulgated under the Internal Revenue Code, such taxpayer may bring a civil action for damages against the United States in federal district court."

## REMEDY SOUGHT

28.     Determination that the defendant's principals, officers, agents, and/or employees of the Internal Revenue Service in connection with the collection of federal tax from the plaintiff(s), willfully, recklessly, intentionally or by reason of negligence, disregarded any provision of Title 26 United States Code and/or any regulation promulgated under Title 26 United States Code.

29.     Upon a determination that the defendant's principals, officers, agents, and/or employees of the Internal Revenue Service in connection with the collection of federal tax from the plaintiff(s), willfully, recklessly, intentionally or by reason of negligence, disregarded any provision of Title 26 United States Code and/or any regulation promulgated under Title 26 United States Code plaintiff(s) seek(s) an ORDER:

A.     directing defendants to comply with each and every statutory requirement in the performance of duties; and,

B.     directing defendants to pay damages in accordance with section 7433; and,

C.     directing defendants to pay such other and further damages as the court deems just and proper;

D.     all to amend the reprehensible, egregious, and vexatious behavior of the defendants' principals, officers, agents, and/or employees.

---

[3] The July, 2002 edition of RIA Federal Tax Regulations includes the note: "Caution: The Treasury has not yet amended Reg §301.7433-1 to reflect changes made by P.L. 105-206, P.L. 104-168," reflecting the addition of negligence as a basis for disregard of provision of Title 26, United States Code,. or any regulation promulgated under Title 26, United States Code,

Dated: FEBRUARY 15 , 2006

Will H LaRue

Mary Catherine LaRue

# AFFIDAVIT

Affiant, Will H LaRue, Mary Catherine LaRue is of lawful age and competent to testify, after having been duly sworn, state as follows based upon affiant's own personal knowledge:

1.  It is not now, nor has it ever been, affiant's intent to avoid paying any tax that affiant is legally liable to pay or that affiant lawfully owes.

2.  Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C §6201(a) by making an assessment of the taxes affiant allegedly owes;

3.  Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C §6202 by making an assessment of the taxes affiant allegedly owes within the time and mode set forth by the secretary;

4.  Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C. §6203 by recording an assessment of the taxes affiant allegedly owes;

5.  Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C. §6203 by furnishing affiant copies of records of assessment upon affiants request;

6.  Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C. §7214(a) by not attempting and continuing to attempt to collect sums greater than appear on records of assessment;

7.  Affiant is not in possession of any document which verifies that affiant owes a "tax" to the United States Treasury.

8.  Affiant is not in possession of any document which verifies that the defendant has complied with all collection procedures required by the IRS Code and its regulations.

9.  Affiant is not in possession of any document which identifies the authority of the IRS to substitute any other document or form for a Form 23-C (Summary Record of Assessment).

10. To the best of affiant's knowledge, affiant has timely attempted to respond to every

single solitary presentment made to affiant by the IRS.

11.     Affiant has repeatedly asked for the IRS to comply with its own administrative procedures.

12.     Pursuant to 26 C.F.R. §601.702(c) the IRS is required to answer any correspondence of a "taxpayer" within 10 days. Affiant has repeatedly sent numerous correspondence that the IRS has repeatedly and willfully failed to answer.

13.     Affiant has requested copies of lawful summary records of assessments (Forms 23-C) from the Commissioner of the IRS.  Affiant received no response.

14.     Pursuant to lawful procedure, affiant has requested, from the Secretary of the Treasury, a refund of all unassessed taxes taken from affiant. Affiant received no response.

15.     The IRS has sent numerous letters to the plaintiff each alleging a different amount in dispute.

16.     Affiant has exhausted all administrative remedies, attempted to mitigate damages and has commenced this action within two (2) years after the date on which the right of this action accrued.

17.     Affiant believes there is no possible way that the United States can answer any of the claims made in this pleading.

Dated: _FEBRUARY 15_____, 2006

_Will H. LaRue_____                         _Mary Catherine LaRue_____
Will H LaRue                                              Mary Catherine LaRue

**Acknowledgment**

On the above inscribed date before the undersigned, a Notary Public for the State of New Mexico, personally appeared, Will H LaRue, Mary Catherine LaRue known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same as his/her/their free act and deed.

_____
Notary, State of New Mexico

OFFICIAL SEAL
Irene Gail Grassie
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires: _12-27-08_

Will H LaRue v. United States.              page 29 of 29 pages              26 U.S.C. §7433 Complaint

·Letter to Commissioner

## Will H LaRue
## Mary Catherine LaRue
### 120 Crestview Rd (PO Box 1544)
### Capitan New Mexico 88316
Tax ID #: 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, 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 (For information only)

Certified Mail# 7008 3110 0003 3886 4032

**Department of the Treasury**
Internal Revenue Service
Mr. Mark W. Everson, Commissioner et al.
1111 Constitution Ave. NW, Room 3000
Washington, D.C. 20224

7003 3110 0003 3886 4032

**Re: Inquiry of tax obligation owed by Will H LaRue, Mary Catherine LaRue Citizen.**

Dear Mr. Everson:

I/we am/are in receipt of the attached suspicious document(s). This/these paper(s) does/do not bear a signature and is/are not accompanied by valid documentation. I/we have no means to evaluate its/their integrity.

I/we object to those under your supervision sending me/us threatening letters without clear identification of who sent the letter(s) and their authority to do. Thus, I/we am/are unable to determine whether the threatening letter(s) is/are a fraud.

As you are aware the Federal Records Act, 44 USC § 3101, and the National Archives Act, 44 USC § 3106, and federal regulations, at 36 CFR Part 1222, requires you as the head of a Federal agency, to make and preserve records containing adequate and proper documentation of, the organization of the agency; the functions of the agency; the policies of the agency; the decisions of the agency; the procedures of the agency; and the essential transactions of the agency.

GAO/AIMD-99-75, FINANCIAL AUDIT – IRS' FISCAL YEAR 1998 FINANCIAL STATEMENTS, issued March 1, 1999, cites, "pervasive weaknesses in…accounting procedures, documentation, (and) recordkeeping," p. 7, and, "substantial deficiencies…agencywide," p. 8, including, "material weaknesses in [IRS'] financial accounting," pp. 9, 11, and concluded that, "IRS cannot provide reasonable assurance that *** (3) information reported by IRS is accurate, timely, and meaningful." p. 9. According to the GAO/AIMD-99-75, p. 10, IRS' financial management systems do not substantially comply with certain requirements of the Federal Financial Management Improvement Act of 1996 (FFMIA), reportable under OMB Bulletin 98-08, including systems requirements, federal accounting standards, and the U.S. Government Standard General Ledger (GSL) at the transaction level; neither the IRS custodial nor administrative general ledger systems comply with the GSL rules for agencies to follow in recording financial events, p. 12, and neither provides a complete audit trail, pp 12, 13, as IRS does not have a detailed subsidiary ledger for taxes receivable. pp 13, 15.

GAO/AIMD-99-75 cited additional, "material weaknesses," p. 11, relating to IRS' revenue accounting and reporting, citing, "…inability to…(1) separately report…individual income taxes… and, (2) determine the amount of *excise tax revenue* it collected…" (emphasis added), p. 11; as well as in supporting documentation, p. 11, specifying bankruptcy case files excluding information necessary to verify the IRS' creditor status. p. 16.

**GAO/AIMD-99-75** further found that IRS' policy of running computer programs against its master files, "is not an adequate substitute for a reliable subsidiary ledger which provides an accurate outstanding balance," pp 13-14, and GAO concluded that this practice violates the FEDERAL FINANCIAL MANAGEMENT IMPROVEMENT ACT of 1996 (FFMIA, reportable under OMB Bulletin 98-08), federal accounting standards, and the U.S. Government Standard General Ledger (GSL), and "led to IRS pursuing collection efforts against taxpayers (sic) that had already paid their taxes in full." p. 16.

**GAO/AIMD-99-75** indicates that GAO has twice before reported that IRS' controls are not adequate to reduce the risk that payments will not be properly credited; IRS cannot report the specific amount of revenue it actually collected for three of the federal government's four largest revenue sources: Social Security, Hospital Insurance, and individual income taxes, *citing* Internal Revenue Service: Physical Security Over Taxpayer Receipts and Data Needs Improvement (*See:* **GAO/AIMD-99-15**, November 30, 1998); Internal Revenue Service: Immediate and Long-Term Actions Needed to Improve Financial Management .

Pursuant to the requirements of Federal Records Act, 44 USC § 3101, the National Archives Act, 44 USC § 3106, and federal regulations, at 36 CFR Part 1222 ,I/we demand that you send me/us (a) certificate(s) of assessment for each year identified in the letter(s) and evidence of their accuracy. I/we have previously requested certificates of assessment. You have failed to respond. As you are aware IRC §6201requires that before a tax is due it must be assessed. It appears that in my/our case there is/are no assessment(s) for the year(s) set forth in the attached correspondence. It also appears that pursuant to the above GAO Audit report that the numbers shown on the attached letters is inaccurate, untimely, and not meaningful.

If I/we do not hear from you within 30 days from your receipt of this letter disputing a tax obligation for the years in question I/we will reasonably conclude that there is/are no assessment(s) for the year(s) referenced, that the request(s) is/are fraudulent, that your employees are engaged in felony extortion by collecting more tax than is shown on the certificate(s) of assessments, and shall expect your internal investigation to determine who violated laws by sending threatening letters.

Additionally, because you have previously failed and/or refused to provide me/us evidence that (a) valid assessment(s) exist(s) I/we have sued your employer (United States) under the provisions of 26 USC §7433, a copy of the first two pages are attached. Should your employees continue with collection activities I/we will seek an order to show cause against you for allowing your employees to continue to disregard any section of Title 26 and its regulations by collecting and attempting to collect more tax than is shown on the non-existent certificates of assessment.

Thank you in advance for respecting my right to dispute an alleged tax obligation.

Sincerely

Will H LaRue
Dated _Jan. 3_ , 2006

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com.

OFFICIAL USE

WASHINGTON DC 20224

| | | |
|---|---|---|
| Postage | $ | 0.37 |
| Certified Fee | | 2.30 |
| Return Receipt Fee (Endorsement Required) | | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 4.42 |

7003 3110 0003 3886 4032

Sent To: DEPT OF TREASURY - IRS
MARK W. EVERSON COMMISSIONER ET AL
Street, Apt. No.; or PO Box No. 1111 CONSTITUTION AVE NW ROOM 3000
City, State, ZIP+4 WASHINGTON DC 20224

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

DEPT OF TREASURY
INTERNAL REVENUE SERVICE
MARK W. EVERSON COMMISSIONER ET AL
1111 CONSTITUTION AVENUE ROOM 2000

WASHINGTON DC 20224

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                      ☐ Agent
                                       ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

Received by the
Commissioner's Correspondence
Office
JAN 10 2006

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7003 3110 0003 3886 4032

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540