# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILL H. LARUE, | ) | |
| MARY CATHERINE LA RUE, | ) | |
| Plaintiffs, | ) | No. 1:06-cv-00061 (CKK) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | | |

## UNITED STATES' MOTION TO DISMISS

Under Fed. R. Civ. P. 12(b)(1), (2), (3), (5), and (6), the United States respectfully requests that the Court dismiss this action. As grounds for this motion, the United States asserts that this Court lacks subject-matter jurisdiction over plaintiffs' unauthorized collection claim, the Anti-Injunction Act bars the injunctive relief plaintiffs seek, and plaintiffs failed to serve the Internal Revenue Service.

Specifically, plaintiffs have failed to state a claim for damages. Plaintiffs have not alleged sufficient facts to demonstrate that they are entitled to any relief. Moreover, they have failed to demonstrate that they filed an administrative claim for damages, which is required before the United States' sovereign immunity is waived. See 26 U.S.C. § 7433(a); McGuirl v. United States, 360 F. Supp.2d 125, 128 (D.D.C. 2004). In addition it appears that plaintiffs seek to enjoin the Internal Revenue Service from engaging in any further collection activity. (Amended Compl. ¶¶ 29a, 29d). Under 26 U.S.C. § 7421(a), no suit may be maintained restraining the assessment and collection taxes. Thus, this Court may not grant injunctive relief.

A supporting memorandum of law and proposed order are filed with this

motion.<u>1</u>/

DATED: April 13, 2006.

                                          Respectfully submitted,

                                          /s/ Beatriz T. Saiz
_____
                                          BEATRIZ T. SAIZ
                                          Trial Attorney, Tax Division
                                          U.S. Department of Justice
                                          P.O. Box 227
                                          Ben Franklin Station
                                          Washington, DC 20044
                                          Phone/Fax: (202) 307-6585/514-6866
                                          Email: Beatriz T.Saiz@usdoj.gov

OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney

---

     <u>1</u>/  The allegations of Plaintiffs' amended complaint are substantially similar to more than 55 complaints filed recently in this district.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WILL H. LARUE, )| |
| MARY CATHERINE LA RUE, )| |
| Plaintiffs, )| No. 1:06-cv-00061 (CKK) |
| )| |
| v. )| |
| )| |
| UNITED STATES, )| |
| )| |
| Defendant. | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**
**OF UNITED STATES' MOTION TO DISMISS**

The relief plaintiffs request in their complaint is an order for unspecified

damages for alleged violations of 26 U.S.C. § 7433 (Amended Comp. ¶ 29b) and

apparently an order enjoining the Internal Revenue Service from engaging in further

collection activity (Amended Compl. ¶¶ 29a, 29d).  The Court can not grant the

requested relief.

<u>This Court Lacks Subject-Matter Jurisdiction over Damages Claim</u>

Plaintiffs purport to state a claim for damages under 26 U.S.C. § 7433, and seek

unspecified damages (Amended Compl. ¶ 29b).  This Court does not have jurisdiction

over plaintiffs' section 7433 claim because they have failed to demonstrate that they

filed an administrative claim for damages with the Internal Revenue Service.  The party

bringing suit must show that the United States has unequivocally waived its sovereign

immunity.  <u>McGuirl v. United States</u>, 360 F. Supp.2d 125, 128 (D.D.C. 2004) (citing

<u>McNutt v. General Motors Acceptance Corp.</u>, 298 U.S. 178, 182-83 (1936); <u>West v.</u>

F.A.A., 830 F.2d 1044, 1046 (9th Cir. 1987). Section 7433 of the Internal Revenue Code (26

U.S.C.) provides the predicates for the United States' waiver of sovereign immunity

with respect to suits for wrongful collection actions. The Court lacks jurisdiction over

the plaintiffs' claims because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for

damages for the unauthorized collection of taxes, a taxpayer must exhaust his

administrative remedies. 26 U.S.C. § 7433(a). "A judgment for damages shall not be

awarded under [7433] subsection (b) *unless the court determines that the plaintiff has*

*exhausted the administrative remedies available to such plaintiff within the Internal Revenue*

*Service.*" 26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the

administrative claim for damages under section 7433. See 26 C.F.R. § 301.7433-1(e). The

regulations provide that

> *An administrative claim for the lesser of $1,000,000 ($100,000 in*
> *the case of negligence) or actual, direct economic damages, as*
> *defined in paragraph (b) of this section [7433] shall be sent in*
> *writing* to the Area Director, Attn: Compliance Technical
> Support Manager of the area in which the taxpayer currently
> resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added). The taxpayer must send a written

administrative claim for damages to the area director in the district in which the

taxpayer lives and include the following: (1) the grounds for the claim; (2) a description

of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including

any damages not yet incurred but that are reasonably foreseeable; and (4) the signature

of the taxpayer.  26 C.F.R. § 301.7433-1(e)(1) and (2).  Failure to comply with this

regulation deprives a court of jurisdiction.  See McGuirl v. United States, 360 F. Supp.2d

125, 128 (D.D.C. 2004); Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994); Conforte

v. United States, 979 F.2d 1375 (9th Cir. 1992).

　　　　Here, plaintiffs have not alleged that they filed a written claim with the area

director which complies with the requirements of the regulations.  Instead, they state

that they may forego exhausting administrative remedies if it is futile or inadequate.

(Amended Compl. ¶ 29b).  Plaintiffs are incorrect.  Plaintiffs should have sent their

administrative claim to the area director to the attention of the compliance technical

support manager as required by 26 C.F.R. § 301.7433-1(e).  Because plaintiffs have not

met their burden to prove exhaustion of administrative remedies, this Court does not

have jurisdiction over his section 7433 claim, and the Court should dismiss the

complaint.

Plaintiffs Have Failed to State a Damages Claim

　　　　Plaintiffs' complaint is legally insufficient and should be dismissed under Fed. R.

Civ. P. 12(b)(6).  Plaintiffs purport to state a claim for damages under 26 U.S.C. § 7433,

and seeks unspecified damages (Amended Compl. ¶ 29b).  Plaintiffs' complaint is

legally insufficient, and should be dismissed under Fed. R. Civ. P. 12(b)(6).  Section 7433

permits a taxpayer to bring a civil action for damages against the government "[i]f, in

connection with the collection of federal tax with respect to a taxpayer, any officer or

employee of the Internal Revenue Service recklessly or intentionally disregards any

provision of the [Internal Revenue Code] or any regulation promulgated" thereunder. 26 U.S.C. § 7433. Under Rule 8(a), a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). But, here, there are no facts in the plaintiffs' complaint to support a claim for damages, and thus, this Court should conclude that they have not in fact stated such a claim. For example, plaintiffs do not state what specific tax years are at issue, the type of tax, or the amount in dispute nor do they describe the injuries they allegedly incurred. In fact, no facts are alleged which establish that "any officer or employee of the [IRS] recklessly or intentionally disregard[ed] any provision of the [Code]." 26 U.S.C. § 7433. Because plaintiffs have failed to state a claim upon which relief can be granted, this Court should dismiss this case.

<u>Plaintiffs' Request for Injunction Is Barred by the Anti-Injunction Act</u>

It appears plaintiffs seeks an order enjoining the Internal Revenue Service from engaging in any further collection activities. (Amended Compl. ¶¶ 29a, 29d). Such injunctive relief is barred by the Anti-Injunction Act (26 U.S.C. § 7421). The Act specifies that no court shall exercise jurisdiction over a suit for the "purpose of restraining the assessment or collection of any tax," as is the patent purpose of plaintiff's claim. <u>See</u> 26 U.S.C. § 7421(a). Thus, the Act precludes this Court from exercising jurisdiction over any action, such as this one, which seeks to enjoin the collection of taxes. <u>See</u> <u>Foodservice & Lodging Institute, Inc. v. Reagan</u>, 809 F.2d 842, 844-45 (D.C. Cir. 1987); <u>American Federation of Gov't Employees, AFL-CIO v. United</u>

-4-

States, 660 F. Supp. 12, 13 (D.D.C. 1987).

   Although the Supreme Court has recognized a narrow, judicial exception to

§ 7421, the exception is inapplicable to the present case.  In Enochs v. Williams Packing

& Navigation Co., 370 U.S. 1, 7 (1962), the Supreme Court decided that the Anti-

Injunction Act would not apply (1) if, when the facts and law are examined in the light

most favorable to the government, under no circumstances could the government

prevail, and (2) equity jurisdiction otherwise existed.  See Flynn v. United States, 786

F.2d 586, 589 (3d Cir. 1986).  The burden is on the plaintiffs to demonstrate that their

suit falls within the purview of the judicially-created exception to the Anti-Injunction

Act.  Bowers v. United States, 423 F.2d 1207, 1208 (5th Cir. 1970).

   Plaintiffs cannot demonstrate that under the circumstances of this case, the

government could never prevail.  Plaintiffs allege that the Internal Revenue Service

acted improperly with respect to his "federal tax beginning with 'tax year' 1989"

(Amended Compl. ¶ 1), but does not identify the specific tax years at issue, the type of

tax, amounts or dates of alleged "wrongful" collection, specifics as to the alleged

wrongdoing by the Internal Revenue Service, or other facts which identify wrongdoing

and their entitlement to relief.  Primarily they merely express their dissatisfaction that

the Internal Revenue Service is attempting to collect their unpaid taxes.

   As for the second prong, plaintiffs have failed to demonstrate the existence of

equitable jurisdiction.  Plaintiffs must show that there is irreparable injury and

inadequacy of legal remedies.  See Foodservice & Lodging Institute, 809 F.2d at 844-45;

<u>Flynn</u> , 766 F.2d at 598.  In certain situations, plaintiffs can temporarily forestall collection — which is the ultimate relief they request— by requesting a "collection due process hearing" with the Internal Revenue Service.  <u>See</u> 26 U.S.C. § 6330.  Moreover, they can fully pay the taxes and <u>then</u> file a claim for refund.  Because the Internal Revenue Code provides administrative procedures by which they can obtain relief, there is no equitable jurisdiction.  Accordingly, the second prong of the <u>Enochs</u> test fails.

In sum, this Court lacks jurisdiction over plaintiffs' request for injunctive relief because such relief is barred by the Anti-Injunction Act.  Plaintiffs have not established the extraordinary circumstances that may justify issuing an injunction under the judicial exception.  Thus, the Court should dismiss this case.

The Court Lacks Personal Jurisdiction over the United States

In order to effect proper service on the United States (1) delivering a copy of the summons and complaint to the United States attorney for the district in which the action is brought, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney; and (2) by sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and (3) by sending a copy of the summons and complaint by registered or certified mail to the officer, employee and/or agency of the United States whose order is being challenged. <u>See</u> Fed. R. Civ. P. 4(i); <u>Relf v. Gasch</u>, 511 F.2d 804 (D.C. Cir. 1975); <u>Hodge v. Rostker</u>, 501 F. Supp. 332, 332 (D.D.C. 1980).  Further, service can not be effected by an

-6-

individual who is a party to the suit.  See Fed. R. Civ. P. 4(c)(2); see also Davis v. Garcia, 226 F.R.D. 386, 388 (C.D. Cal. 2004); Taylor v. Internal Revenue Service, 192 F.R.D. 223, 224 (S.D. Tex. 1999).  Service of a summons and complaint in the manner provided by Fed. R. Civ. P. 4 is both mandatory and jurisdictional. See Moncrief v. Stone, 961 F.2d 595 (6th Cir. 1992) (dismissing suit for failing to serve United States Attorney).

In this case, upon information and belief, plaintiffs have not served the Internal Revenue Service with a summons and a copy of the complaint.  Further, plaintiffs, rather than a nonparty, attempted service on the Attorney General and the United States Attorney's Office.  Since plaintiffs have failed to properly serve the United States, plaintiffs' complaint should be dismissed for insufficiency of service of process pursuant to Fed. R. Civ. P. 12(b)(5).

In addition, this Court does not have personal jurisdiction over the United States, because the United States has not been properly served. The Court acquires personal jurisdiction over a defendant only if the defendant is properly served.  Omni Capital International, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987); see also United Electrical, Radio & Machine Workers of America v. 163 Pleasant Street Corp., 960 F.2d 1080, 1085 (1st Cir. 1992) ("[T]hough personal jurisdiction and service of process are distinguishable, they are inextricably intertwined, since service of process constitutes the vehicle by which the court obtains jurisdiction." (citing Lorelei Corp. v. County of Guadalupe, 940 F.2d 717, 719 (1st Cir. 1991)); Amen v. Dearborn, 532 F.2d 554, 557 (6th Cir. 1976) ("Axiomatically, due process requires proper service of process in order to

obtain in personam jurisdiction []."). Since the plaintiffs have not properly served the United States, the Court lacks personal jurisdiction and should dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(2).

## CONCLUSION

This Court does not have subject-matter jurisdiction over plaintiffs' claim for damages because plaintiffs have failed to prove that they filed an administrative claim for damages. Plaintiffs have failed to state a claim for damages. Likewise, the Anti-Injunction Act prohibits an injunction against the further collection of plaintiffs' taxes. Finally, plaintiffs did not serve the Internal Revenue Service with a copy of the summons and complaint and plaintiffs, rather than a non-party, served the United States Attorney's Office and the Attorney General, thus the Court lacks personal jurisdiction over the United States. For all these reasons, the Court should dismiss this action.

DATED: April 13, 2006.

                                  Respectfully submitted,

                                  /s/ Beatriz T. Saiz
                                  BEATRIZ T. SAIZ
                                  Trial Attorney, Tax Division
                                  U.S. Department of Justice
                                  P.O. Box 227
                                  Ben Franklin Station
                                  Washington, DC 20044
                                  Phone/Fax: (202) 307-6585/514-6866
                                  Email: Beatriz T.Saiz@usdoj.gov

OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney