RECEIVED
JUL 21 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## IN THE DISTRICT OF COLUMBIA

Will H LaRue,
Mary Catherine LaRue

Case No. 1:06-cv-00061 CKK

        Plaintiff(s),

ADDENDUM TO COMPLAINT No. 5

v.

United States
        Defendant.

This Court has recognized that an exception to the exhaustion of the administrative remedy is found where "An adverse decision can also be certain if an agency has articulated a very clear position on the issue which it has demonstrated it would be unwilling to reconsider." Randolph-Sheppard Vendors of Am. v. Weinberger, 795 F.2d 90, 105 (D.C. Cir. 1986) (citing Etelson v. Office of Pers. Mgmt., 684 F.2d 918, 925 (D.C. Cir. 1982).

This Court has also recognized that an administrative remedy may be inadequate where the administrative body is shown to be biased or has otherwise predetermined the issue before it. (Turner v. United States, _ F. Supp.2d _, 2006 WL 1071852, *3-4 (D.D.C. 2006) (finding, based on Arbaugh v. Y & H Corp., 126 S.Ct. 1235, 1242 (2006) citing Gibson v. Berryhill, 411 U.S. at 575, n. 14; Houghton v. Shafer, 392 U.S. 639, 640 (1968))

Pursuant to The Federal Records Act, 44 USC § 3101, and the National Archives Act, 44 USC § 3106, the attached correspondence is a public record. Pursuant to the

Administrative Procedure Act, 5 USC 704, the attached correspondence is a final agency action.

### FINDINGS MUST BE BASED UPON EVIDENCE

Even if administrative exhaustion is a question of law, the exceptions to the administrative exhaustion requirement that have heretofore been mentioned, in Koerner (both cases)[1], Turner, and in the instant case, involve findings of fact which should, in keeping with Arbaugh, be within the province of a jury. In the instant case, a jury finding that IRS was willing to reconsider a position (Randolph-Sheppard), or was unbiased (McCarthy), would naturally *and properly* result in the legal conclusion that no exception(s) to the exhaustion requirement are applicable; an adverse jury finding, however, of IRS intransigence, or bias, would necessarily and properly result in the legal conclusion that one or more exception(s) to the exhaustion requirement do apply. The legal conclusion that Plaintiff failed to exhaust an administrative remedy to which no exception applies may only be based upon a finding of facts; a finding of the jury. I/we believe that a proper reading of the statute supports this argument.

Pursuant to Fed Rules of Edv. Rule 902(1) the attached correspondence is self-authenticating. Pursuant to Fed. Rules of Edv. Rule 201 the court is required to take mandatory judicial notice of the adjudicative fact that the attached correspondence (sent to plaintiff(s), is a final agency action that demonstrates that the IRS is unwilling to

---

[1] No. 05-1600 (D.D.C. Oct 26, 2005; 06-0024, D.D.C. Mar. 31, 2006

Will H LaRue v. United States.          page 2 of 4 pages          Addendum to Complaint

reconsider the position taken in the attached correspondence[2] and/or is biased and evidence of continued unlawful collection activities, continued harassment and/or retaliation against plaintiff(s) for pursuing the instant action.

Plaintiff(s) attest that plaintiff has made many requests to defendants' agency and that defendants' agency has consistently demonstrated bias and an unwillingness to reconsider any document sent to plaintiff(s).

Dated July 19, 2006

_____
Will H LaRue
PO Box 276
Peoria, AZ  85380-0276

_____
Mary Catherine LaRue
PO Box 276
Peoria, AZ  85380-0276

## Acknowledgment

On the above inscribed date before the undersigned, a Notary Public for the State of Arizona, personally appeared, Will H LaRue, Mary Catherine LaRue known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that the facts herein are true according to his/her/their best knowledge and belief and that he/she/they executed the same as his/her/their free act and deed.

_____
Notary, State of Arizona



OFFICIAL SEAL
CYNTHIA L. WILSON
NOTARY PUBLIC - State of Arizona
MARICOPA COUNTY
My Comm. Expires Aug. 3, 2006

---

[2] The attached correspondence is provided solely to demonstrate that the defendants' agency has articulated a position that is a final agency action that defendants' agency is unwilling to reconsider and/or is biased and evidence of continued unlawful collection activities, continued harassment and/or retaliation against plaintiff(s) for pursuing this action and for no other purpose.

Will H LaRue v. United States.    page 3 of 4 pages    Addendum to Complaint

CERTIFICATE OF SERVICE

I certify that I have mailed an original and one copy of the forgoing to:

Clerk of Court, United States District Court, 333 Constitution Ave. NW, Washington D.C. 20001,

and one copy to:    7005 2570 0000 7620 7572

Beatriz T. Saiz, Trial Attorney, Tax Division, U.S. Dept of Justice, P.O. Box 227, Ben Franklin Station, Washington D.C. 20044.

Dated _____July 19_____, 2006

_____Will H. LaRue_____
Will H LaRue

DEPARTMENT OF THE TREASURY
FINANCIAL MANAGEMENT SERVICE
P.O. BOX 1686
BIRMINGHAM, ALABAMA 35201-1686

## THIS IS NOT A BILL - PLEASE RETAIN FOR YOUR RECORDS

Dear WILL H LA RUE:

As authorized by Federal law, we applied all or part of your Federal payment to a debt you owe. The government agency (or agencies) collecting your debt is listed below.

Internal Revenue Service
Federal Payment Levy Program
Stop 5050, Annex 5
PO Box 219236
Kansas City, MO 64121-9236
**800-829-7650**
PURPOSE: Tax Levy

TIN Num: 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
TOP Trace Num: P33903724
Acct Num: 05274214723019931 2
Amount This Creditor:     $193.50
Creditor: 51     Site: MC

The Agency has previously sent notice to you at the last address known to the Agency. That notice explained the amount and type of debt you owe, the rights available to you, and that the Agency intended to collect the debt by intercepting any Federal payments made to you, including tax refunds. **If you believe your payment was reduced in error or if you have questions about this debt, you must contact the Agency at the address and telephone number shown above.** The U. S. Department of the Treasury's Financial Management Service cannot resolve issues regarding debts with other agencies.

We will forward the money taken from your Federal payment to the Agency to be applied to your debt balance; however, the Agency may not receive the funds for several weeks after the payment date. If you intend to contact the Agency, please have this notice available. Please do not contact the Social Security Administration regarding this reduction made in your Federal payment.

U. S. Department of the Treasury
Financial Management Service
(800) 304-3107
Telecommunications Device for the Deaf (TDD) (866) 297-0517

**PAYMENT SUMMARY**
PAYEE NAME:   WILL H LA RUE
PAYMENT BEFORE REDUCTION:       $1290.00
TOTAL AMOUNT OF THIS REDUCTION:     $193.50
PAYING FEDERAL AGENCY: Social Security Administration
CLAIM ACCT NUM: 527421472 A

PAYEE TIN: 527421472
PAYMENT DATE: 07/19/06
PAYMENT TYPE: Check
BENEFICIARY TIN: 527421472

FOR OFFICIAL USE ONLY:    0000007751 P3390372452742147200575277187 SSA-P01WILL007761
                          4500 04319853 20184904 S1  5  D

RC0506