**RECEIVED**

AUG 2 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
IN THE DISTRICT OF COLUMBIA

Will H LaRue,
Mary Catherine LaRue

    Plaintiff(s),

v.

United States

    Defendant.

Case No. **1:06-cv-00061**

ADDENDUM TO COMPLAINT No. 6

This Court has recognized that an exception to the exhaustion of the administrative remedy is found where "An adverse decision can also be certain if an agency has articulated a very clear position on the issue which it has demonstrated it would be unwilling to reconsider." Randolph-Sheppard Vendors of Am. v. Weinberger, 795 F.2d 90, 105 (D.C. Cir. 1986) (citing Etelson v. Office of Pers. Mgmt., 684 F.2d 918, 925 (D.C. Cir. 1982).

This Court has also recognized that an administrative remedy may be inadequate where the administrative body is shown to be biased or has otherwise predetermined the issue before it. (Turner v. United States, _ F. Supp.2d _, 2006 WL 1071852, *3-4 (D.D.C. 2006) (finding, based on Arbaugh v. Y & H Corp., 126 S.Ct. 1235, 1242 (2006) citing Gibson v. Berryhill, 411 U.S. at 575, n. 14; Houghton v. Shafer, 392 U.S. 639, 640 (1968))

Pursuant to The Federal Records Act, **44 USC § 3101**, and the National Archives Act, **44 USC § 3106**, the attached correspondence is a public record. Pursuant to the

Administrative Procedure Act, 5 USC 704, the attached correspondence is a final agency action.

### FINDINGS MUST BE BASED UPON EVIDENCE

Even if administrative exhaustion is a question of law, the exceptions to the administrative exhaustion requirement that have heretofore been mentioned, in Koerner (both cases)[1], Turner, and in the instant case, involve findings of fact which should, in keeping with Arbaugh, be within the province of a jury. In the instant case, a jury finding that IRS was willing to reconsider a position (Randolph-Sheppard), or was unbiased (McCarthy), would naturally *and properly* result in the legal conclusion that no exception(s) to the exhaustion requirement are applicable; an adverse jury finding, however, of IRS intransigence, or bias, would necessarily and properly result in the legal conclusion that one or more exception(s) to the exhaustion requirement do apply. The legal conclusion that Plaintiff failed to exhaust an administrative remedy to which no exception applies may only be based upon a finding of facts; a finding of the jury. I/we believe that a proper reading of the statute supports this argument.

Pursuant to Fed Rules of Edv. Rule 902(1) the attached correspondence is self-authenticating. Pursuant to Fed. Rules of Edv. Rule 201 the court is required to take mandatory judicial notice of the adjudicative fact that the attached correspondence (sent to plaintiff(s), is a final agency action that demonstrates that the IRS is unwilling to

---

[1] No. 05-1600 (D.D.C. Oct 26, 2005; 06-0024, D.D.C. Mar. 31, 2006

reconsider the position taken in the attached correspondence[2] and/or is biased and evidence of continued unlawful collection activities, continued harassment and/or retaliation against plaintiff(s) for pursuing the instant action.

Plaintiff(s) attest that plaintiff has made many requests to defendants' agency and that defendants' agency has consistently demonstrated bias and an unwillingness to reconsider any document sent to plaintiff(s).

Dated Aug 16, 2006

_____  
Will H LaRue  
PO Box 276  
Peoria, AZ 85380-0276

_____  
Mary Catherine LaRue  
PO Box 276  
Peoria, AZ 85380-0276

### Acknowledgment

On the above inscribed date before the undersigned, a Notary Public for the State of Arizona, personally appeared, Will H LaRue, Mary Catherine LaRue known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that the facts herein are true according to his/her/their best knowledge and belief and that he/she/they executed the same as his/her/their free act and deed.

_____  
Notary, State of Arizona



OFFICIAL SEAL  
LINDA FOSTER  
NOTARY PUBLIC - ARIZONA  
MARICOPA COUNTY  
My Comm. Expires July 25, 2007

---

[2] The attached correspondence is provided solely to demonstrate that the defendants' agency has articulated a position that is a final agency action that defendants' agency is unwilling to reconsider and/or is biased and evidence of continued unlawful collection activities, continued harassment and/or retaliation against plaintiff(s) for pursuing this action and for no other purpose.

## CERTIFICATE OF SERVICE

I certify that I have mailed an original and one copy of the forgoing to:

Clerk of Court, United States District Court, 333 Constitution Ave. NW, Washington D.C. 20001,

and one copy to:

Beatriz T. Saiz, Trial Attorney, Tax Division, U.S. Dept of Justice, P.O. Box 227, Ben Franklin Station, Washington D.C. 20044.

Dated _August 16,_____, 2006

_____
Will H LaRue