# UNITED STATES DISTRICT COURT
## IN THE DISTRICT OF COLUMBIA

Will H LaRue  
Mary Catherine LaRue

       Plaintiff(s),

v.

United States (Government)

       Defendant.

No: 1:06-cv-00061

MOTION TO VACATE DISMISSAL AND ENTER DEFAULT AGAINST DEFENDANT

Plaintiff requests that the Court vacate its dismissal of the instant matter pursuant to Rule 60(b).

The Government claims that dismissal of the plaintiffs' damages claim is proper under both Rule 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim under which relief can be granted. The United States seemingly recognizes the split of authority in this District regarding whether the exhaustion of administrative remedies is a jurisdictional prerequisite to bring suit or not. *See Lindsey v. United States*, No. 05-1765, 2006 U.S. Dist. LEXIS 58657, at *41-43 (D.D.C.) (Feb. 22,2006)(citing cases on both sides of the issue). Rule 12(b)(6) is the proper basis upon which to address plaintiffs' damages claim, since failure to exhaust administrative remedies is not a jurisdictional prerequisite to bring suit but only an element of a claim. *See Arbaugh v. Y & H Corp.*, 126 S. Ct. 1235, 1245 (Feb. 22, 2006); *see also Turner v. United States*,429 F. Supp. 2d 149, 154 (D.D.C.2006);*See Lindsey v. United States*, No. 05-1765, 2006 U.S. Dist. LEXIS 58657, at *41-43 (D.D.C.) (Feb. 22,2006) ("This affirmative defense is thus properly brought through a motion to dismiss for failure to state a claim upon which relief can be granted.")

1242. To assist the courts, the Supreme Court enunciated a rule to be applied.

> If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then the courts and litigants will be duly instructed and will not be left to wrestle with the issue. But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.

*Id* at 1245 (citation omitted). Congress has plainly demonstrated its ability to write clear jurisdictional language into other sections of the Code and has chosen not to do so in §7433. For example, in 26 U.S.C. 7421(a), which states "except as provided [in various sections of the Code], no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against who such tax was assessed," was previously found by this Circuit to "by its terms den[y] *jurisdiction* 'to any court' in actions to enjoin the assessment or collection of taxes." *Americans United Inc. v Walters*, 477 F 2d 1169, 1175 (D.D.C.Cir. 1973 (emphasis added); *see also Gardner v. United States*, 211 F. 3d 1305, 1311 ("The District Court must dismiss for lack of *subject matter jurisdiction* any suit that does not fall within one of the exceptions to [§7421(a)]. " (emphasis added)). In addition, 26 U.S.C. §7422(a) contains jurisdictional language, stating that "no suit or proceding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously assessed or collected ... until a claim for refund or credit has been duly filed ... according to the provisions of law in that regard."

Therefore, this Court should adhere to the cautionary instructions in *Arbaugh* and *Murita Martin v. United States*, (D.D.C. 1:05-cv-02506) that the exhaustion of administrative remedies under TABOR is non-jurisdictional. The statute is crystal clear that pre-suit exhaustion is a requirement to the maintenance of the suit for damages, but it does not

address a district court's jurisdiction. Congress must "clearly state" that "a threshold limitation on a statute's scope shall count as jurisdictional," *Arbaugh,* 126 S. Ct. At 1245, and because jurisdiction is such a fundamental concept, its absence cannot be assumed without a definite expression of congressional Intent. Thus,TABOR is not sufficiently definite under Arbaugh.

In the instant matter the court ordered the defendant to answer plaintiff's complaint by a time set certain. The record in this matter is clear that defendant failed to obey a lawful order of this Court and answer plaintiff's complaint by the date set certain. As stated previously a motion under Rule 12(b)(6) can be waived by failing to make it soon enough. *Id* at 1240. In the instant matter defendants' motion was filed after the time and date set certain by the Court. Therefore defendants' motion to vacate under 12(b)(1) is ineffective and cannot be granted for the reasons aforesaid. Defendants' motion to dismiss pursuant to 12(b)(6) is untimely and cannot be granted.

Thus, failure to exhaust administrative remedies is not a grounds upon which the court may dismiss the instant matter. 12(b)(6) similarly is not available to the defendant because the motion is not timely. The Court committed reversible error by dismissing upon the aforementioned grounds.

Therefore, the Court has no choice but to vacate its order forthwith granting dismissal of this matter and enter its default against the defendant and proceed with a motion determining damages.

Respectfully,

/
/
/
/

Dated _____, 2006

_____          _____
Will H LaRue                         Mary Catherine LaRue
PO Box 276                           PO Box 276
Peoria, AZ  85380-0276               Peoria, AZ  85380-0276

    On the above inscribed date before the undersigned, a Notary Public for the State of Arizona, personally appeared, Will H LaRue, Mary Catherine LaRue known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that the facts herein are true according to his/her/their best knowledge and belief and that he/she/they executed the same as his/her/their free act and deed.

_____
Notary, State of Arizona


## CERTIFICATE OF SERVICE

    I certify that I have served a copy of the foregoing on:

Beatriz T. Saiz
Ben Franklin Station
U.S. Dept of Justice
P.O. Box 277
Washington D.C. 20044

Dated _____, 2006

_____
Will H LaRue



Home | Help

**Track & Confirm**

# Track & Confirm

## Search Results

Label/Receipt Number: **7005 2570 0000 7623 4042**
Status: **Arrival at Unit**

Your item arrived at 11:42 am on October 23, 2006 in WASHINGTON, DC 20001. Information, if available, is updated every evening. Please check again later.

( Additional Details > )　( Return to USPS.com Home > )

**Track & Confirm**
Enter Label/Receipt Number.

Notification Options

**Track & Confirm by email**
Get current event information or updates for your item sent to you or others by email.　( Go > )

---



POSTAL INSPECTORS　　site map　contact us　government services　jobs　National & Premier Accounts
Preserving the Trust　　　　Copyright © 1999-2004 USPS. All Rights Reserved. Terms of Use  Privacy Policy

http://trkcnfrm1.smi.usps.com/PTSInternetWeb/InterLabelInquiry.do　　　　　　　　　　　　　　　　11/7/2006

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Clerk of the Court
United States District Court
333 Constitution Ave NW
Washington DC 20001

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Donte Shiels_ ☐ Agent ☐ Addressee

B. Received by (Printed Name) Donte Shiels   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label)
7005 2570 0000 7623 4084

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540



Dated  Oct 21 , 2006

_____           _____
Will H LaRue                      Mary Catherine LaRue
PO Box 276                        PO Box 276
Peoria, AZ  85380-0276            Peoria, AZ  85380-0276

On the above inscribed date before the undersigned, a Notary Public for the State of Arizona, personally appeared, Will H LaRue, Mary Catherine LaRue known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that the facts herein are true according to his/her/their best knowledge and belief and that he/she/they executed the same as his/her/their free act and deed.

_____
Notary, State of Arizona



## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing on:

Beatriz T. Saiz
Ben Franklin Station
U.S. Dept of Justice
P.O. Box 277
Washington D.C. 20044

Dated  Oct 21, , 2006

_____
Will H LaRue