UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILL & MARY LARUE,

    Plaintiffs,

     v.

UNITED STATES OF AMERICA,

    Defendant.

Civil Action No. 06-61 (CKK)

**MEMORANDUM OPINION**
(December 4, 2006)

*Pro Se* Plaintiffs Will and Mary LaRue bring this action against Defendant, the United States, pursuant to the Taxpayer Bill of Rights, 26 U.S.C. § 7433 ("TBOR"), alleging that "principals, officers, agents, and/or employees of the Internal Revenue Service," ("IRS") "willfully, recklessly, intentionally or by reason of negligence[,] disregarded and continue to disregard provisions of [the Internal Revenue Code ("IRC"),] Title 26 of the United States Code[,] and the regulations promulgated thereunder." Am. Compl. at 1.[1]  Plaintiffs seek a declaratory judgment that the IRS "willfully, recklessly, intentionally or by reason of negligence" violated the IRC, an injunction directing Defendant to "comply with each and every statutory requirement in the performance of duties," and damages for each section of the IRC so violated. Am. Compl. at 26.

Before the Court is Defendant's [9] Motion to Dismiss.  Defendant argues that this case should be dismissed because (1) Plaintiffs have failed to exhaust their administrative remedies;

---

[1]  The Court will cite to the Amended Complaint by page number rather than by paragraph number due to the repetitive paragraph numbering employed in the Amended Complaint.

(2) Plaintiffs have failed to state a claim for damages; (3) Plaintiffs' request for injunctive relief is barred by the Anti-Injunction Act, 26 U.S.C. § 7421; and (4) Plaintiffs have failed to properly serve the United States.  Def.'s Mot. to Dismiss at 1; Def.'s Mem. to Dismiss at 1-8.

Upon a searching examination of the relevant filings, the attached exhibits, the relevant case law, and the entire record herein, the Court shall grant in part and hold in abeyance in part part Defendant's Motion to Dismiss with respect to Plaintiffs' request for injunctive relief; grant Defendant's Motion to Dismiss with respect to Plaintiffs' request for damages, and *sua sponte* dismiss Plaintiffs' request for declaratory judgment for want of subject matter jurisdiction.

## I: BACKGROUND

Plaintiffs brought this action via a Complaint dated January 12, 2006.  After perfecting service through postage on the United States Attorney General and on the United States Attorney for the District of Columbia, see Pls.' [6] Return of Service, Plaintiffs were ordered to show cause why venue in the District of Columbia was proper.  Plaintiffs filed a response and an Amended Complaint allegedly addressing the Court's concerns regarding venue.  *See* Pls.' [5] Resp. to Order to Show Cause and Req. for Leave to Am. Compl. ¶ 2 ("In seeking, as a part of the remedy, return of amounts unlawfully collected without assessment, Plaintiff(s) have/has apparently clouded the issues in the above-captioned action.").  The Court granted Plaintiffs leave to file their Amended Complaint on April 14, 2006.

This Amended Complaint represents one of dozens of virtually identical lawsuits brought in this jurisdiction by tax protestors – allegedly proceeding *pro se* – asserting a variety of forms of misconduct by the IRS.[2]  The Amended Complaint contains a deficiency seen in most of these

_____

[2] *See, e.g.*, *Koerner v. United States*, Civ. A. No. 05-1600 (ESH); *Brandt v. United States*, Civ. A. No. 05-1613 (ESH); *Radcliffe v. United States*, Civ. A. No. 05-1624 (EGS);

cases–namely, it provides no particularized facts specifically pertaining to Plaintiffs Will and Mary LaRue; instead, it consists almost entirely of argument and restatement of putatively pertinent legal standards. Moreover, even the few passages in the Amended Complaint that purport to describe "facts" that support Plaintiffs' position, merely offer boilerplate recitations of the factual showings required to satisfy the various statutory provisions relied upon by Plaintiffs. *See, e.g.*, Am. Compl. at 3-14.

In short, Plaintiffs' Amended Complaint attempts to catalogue provisions of the IRC which they claim have been contravened by the IRS. *See id.* at 4-14. Plaintiffs contend that Defendant, through agents of the IRS, violated the following provisions of the IRC during its levy of taxes against them:[3]

1. 26 U.S.C. § 6103(a), by disclosing confidential income tax return information to persons not statutorily authorized to receive such information;

2. 26 U.S.C. § 6201(a), by failing to make an assessment of the taxes owed by Plaintiffs;

3. 26 U.S.C. § 6202, by failing to make an assessment of the taxes owed by Plaintiffs within the time and mode set forth by the Secretary of the Treasury;

4. 26 U.S.C. § 6203, by failing to record an assessment of the taxes owed by Plaintiffs and by failing to furnish Plaintiffs copies of the assessment upon their request;

---

*Schafrath v. United States*, Civ. A. No. 05-1656 (GK); *Erwin v. United States*, Civ. A. No. 05-1698 (CKK); *Turner v. United States*, Civ. A. No. 05-1716 (JDB); *Shoemaker v. United States*, Civ. A. No. 05-1736 (RWR); *Lindsey v. United States*, Civ. A. No. 05-1761 (RBW); *Garvin v. United States*, Civ. A. No. 05-1775 (RBW); *Lohmann v. United States*, Civ. A. No. 05-1976 (HHK); *Masterson v. United States*, Civ. A. No. 05-1807 (JDB); *Gross v. United States*, Civ. A. No. 05-1818 (JR); *Holyoak v. United States*, Civ. A. No. 05-1829 (HHK); *Travis v. United States*, Civ. A. No. 05-1867 (RCL); *Scott v. United States*, Civ. A. No. 05-2043 (ESH); *Bean v. United States*, Civ. A. No. 05-2145 (CKK); *Anderton v. United States*, Civ. A. No. 06-129 (RBW).

[3] Plaintiffs, in their Complaint, do not specify a beginning date and/or end date to these alleged violations, other than a brief statement that the "reckless[]" collection of taxes apparently began "with 'tax year' 1989." Am. Compl. at 1.

5.  26 U.S.C. § 7214(a), by attempting and continuing to attempt to collect sums greater than appear on records of assessment;

6.  26 C.F.R. § 601.702(c), by failing to answer Plaintiffs' correspondence within ten (10) days;

7.  26 U.S.C. § 6159, by abrogating the availability of an installment agreement;

8.  26 U.S.C. § 6320, by failing to notify Plaintiffs of the filing of a notice of lien;

9.  26 U.S.C. § 6321, by filing an invalid and unlawful Notice of Tax Lien against Plaintiffs and by filing an invalid and unlawful Notice of Tax Levy on Plaintiffs wages, bank accounts, etc.;

10. 26 U.S.C. § 6325, by failing to release liens "when it became obvious" that such liens were invalid and/or unlawful;

11. 26 U.S.C. § 6330(a), by failing to provide Plaintiffs with notice of a right to a hearing before issuing notices of liens, levies, and other administrative action;

12. 26 U.S.C. § 6331(a), by failing to send Plaintiffs a ten (10) day demand for payment before issuing a levy;

13. 26 U.S.C. § 6331(d), by failing to send Plaintiffs a thirty (30) day notice for each of the stated years;

14. 26 U.S.C. § 6343, by refusing to relax a levy after determination that the total sum of taxes was not collectible;

15. 26 U.S.C. § 6402, by failing to refund all unassessed taxes taken from Plaintiffs following their written request;

16. 26 U.S.C. § 6404(g), by failing to suspend interest and penalties "for reason that defendant has not specifically stated the amount of, and the basis for the liability" Plaintiffs are alleged to owe;

17. 26 U.S.C. § 6501(a), by failing to assess taxes owed within three years;

18. 26 U.S.C. § 6212, by failing to send Plaintiffs a notice of deficiency for each of years complained of;

19. 26 U.S.C. § 6213(a), by failing to notify Plaintiffs of the last time when Plaintiffs could file a Tax Court petition for each of the years complained of;

20. 26 U.S.C. § 6751(a), by failing to include in a notice imposing the penalty (1) the name of the penalty; (2) the Code section authorizing the penalty; and (3) an actual computation of the penalty;

21. 26 U.S.C. § 6751(b)(1), by failing to verify that a supervisor had personally approved, in writing, the initial penalty determination;

22. 26 U.S.C. § 7123(b)(1), by failing to provide Plaintiffs with non-binding mediation;

23. 26 U.S.C. § 7491(b), by refusing to prove items of income which were reconstructed solely through the use of statistical information on unrelated taxpayers;

24. 26 U.S.C. § 7491(c), by refusing to produce any evidence with respect to the imposition of penalties and additions; and

25. 26 U.S.C. § 7602(a), by conducting a presumed financial status audit.

*Id*. Finally, Plaintiffs allege violations of federal record-keeping laws contained at 44 U.S.C. § 3101, 44 U.S.C. § 3106, and 36 C.F.R. § 1222. *Id*.[4]

The Amended Complaint seeks three forms of redress: (1) a declaratory judgment that Defendant has violated one or more of the demarcated IRC provisions; (2) an award of damages under 26 U.S.C. § 7433; and (3) an injunction directing Defendant to comply with the law and correct the "reprehensible, egregious, and vexatious behavior" of Defendant's "principals, officers, agents, and/or employees." *Id.* at 26.

Following Plaintiffs' filing of their Amended Complaint, this Court issued an order for Plaintiffs to show cause why the Court has subject matter jurisdiction, owing to failures in similar cases where claims were dismissed for failure to exhaust administrative remedies. [7] Order at 1. Plaintiffs filed a response, wherein they reiterated claims advanced in the Amended

---

[4] The Court notes that 36 C.F.R. § 1222, 44 U.S.C. § 3101, and 44 U.S.C. § 3106 do not pertain to the Internal Revenue Service, and as such, fall outside of the scope of Plaintiffs' Amended Complaint, brought "under the authority of 26 U.S.C. § 7433." Am. Compl. at 1.

Complaint that they qualify for an exception to the IRC's exhaustion requirements.  *See* Pls.' [11] Resp. to Order to Show Cause  at 1-2 (arguing that administrative remedies are futile because the IRS has "articulated a very clear position on the issue which it has demonstrated it would be unwilling to reconsider.") (quoting *Randolph Sheppard Vendors of Am. v. Weinberger*, 795 F.2d 90, 105 (D.C. Cir. 1986)).  Like the Amended Complaint that preceded it, this response advances arguments containing only legal standards in the absence of specific factual allegations.  *See id.* at 3-18 (describing various procedures for IRS tax collection personnel, making boilerplate assertions that each was violated by Defendant, and asserting that each violation constituted an instance where the Defendant had taken a very clear position on an issue which it has demonstrated it would be unwilling to reconsider).

On April 13, 2006, Defendant filed a [9] Motion to Dismiss Plaintiffs' Amended Complaint.  On May 5, 2006, Plaintiffs filed a response to this motion.[5]  Defendant filed a Reply on May 10, 2006.

## II: LEGAL STANDARDS

A.     *Motion to Dismiss Pursuant to Rule 12(b)(1)*

A court must dismiss a case when it lacks subject matter jurisdiction pursuant to Rule 12(b)(1).  In general, a motion to dismiss under Federal Rule of Civil Procedure 12(b) should not prevail "unless plaintiffs can prove no set of facts in support of their claim that would entitle

---

[5]  In Plaintiffs' Response, Plaintiffs also request that the Court award sanctions to Plaintiffs pursuant to Federal Rule of Civil Procedure 11(b), stating that "[c]ounsel[']s attempt to avoid subject matter and personal jurisdiction by misrepresenting that service was improper and that plaintiff(s) have not exhausted administrative remedies is unwarranted by existing law, and fails to present a good faith basis for extension, modification or reversal of existing law. Sanctions under Fed. R. Civ. P. 11(b) should be imposed."  Pls.' Response at 1.  The Court finds no basis on the merits why the Court should impose sanctions on Defendant pursuant to Federal Rule of Civil Procedure 11 and shall deny Plaintiffs' request accordingly.

them to relief." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (citing

*Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).  A court may

appropriately dispose of a case under 12(b)(1) for standing, and may "consider the complaint

supplemented by undisputed facts evidenced in the record, or the complaint supplemented by

undisputed facts plus the court's resolution of disputed facts." *Coalition for Underground

Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (citations omitted); *see also Artis v.

Greenspan*, 223 F. Supp. 2d 139, 152 n.1 (D.D.C. 2002) ("A court may consider material outside

of the pleadings in ruling on a motion to dismiss for lack of venue, personal jurisdiction or

subject matter jurisdiction."); *Vanover v. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999) ("where

a document is referred to in the complaint and is central to plaintiff's claim, such a document

attached to the motion papers may be considered without converting the motion to one for

summary judgment") (citing *Greenberg v. The Life Ins. Co. of Virginia*, 177 F.3d 507, 515 (6th

Cir. 1999)).  At the stage in litigation when dismissal is sought, the plaintiff's complaint must be

construed liberally, and the plaintiff should receive the benefit of all favorable inferences that can

be drawn from the alleged facts.  *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624

(D.C. Cir. 1997).  In spite of the favorable inferences that a plaintiff receives on a motion to

dismiss, it remains the plaintiff's burden to prove subject-matter jurisdiction by a preponderance

of the evidence.  *Am. Farm Bureau v. Envtl. Prot. Agency*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000).

  B.  *Motion to Dismiss Pursuant to Rules 12(b)(4) & 12(b)(5)*

  Federal Rules of Civil Procedure 12(b)(4) and (5) provide that a Court may dismiss a case

due to "insufficiency of process" or "insufficiency of service of process" if the plaintiff fails to

establish that he or she has properly effectuated service upon the defendant(s) pursuant to Federal

Rule of Civil Procedure 4.  *See Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987).  "The party on

whose behalf service is made has the burden of establishing its validity when challenged; to do

so, he must demonstrate that the procedure employed satisfied the requirements of the relevant

portions of Rule 4 and any other applicable provision of law."  Charles Alan Wright & Arthur R.

Miller, 4A *Federal Practice & Procedure* § 1083, at 12 (2d ed. 1987); *see also Light*, 816 F.2d at

751 (same); *Hilska v. Jones*, 217 F.R.D. 16, 20 (D.D.C. 2003) (holding that "the plaintiff carries

the burden of establishing that he has properly affected service") (citation omitted).

      C.     *Motion to Dismiss Pursuant to Rule 12(b)(6)*

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, unlike

resolving a motion under Rule 12(b)(1), the court must construe the complaint in a light most

favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from

well-pleaded factual allegations.  *In re United Mine Workers of Am. Employee Benefit Plans

Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994); *see also Schuler v. United States*, 617 F.2d 605, 608

(D.C. Cir. 1979) ("The complaint must be 'liberally construed in favor of the plaintiff,' who must

be granted the benefit of all inferences that can be derived from the facts alleged.").  While the

court must construe the Complaint in the Plaintiff's favor, it "need not accept inferences drawn

by the plaintiff[] if such inferences are not supported by the facts set out in the complaint."

*Kowal*, 16 F.3d at 1276.  Moreover, the court is not bound to accept the legal conclusions of the

non-moving party.  *See Taylor v. FDIC*, 132 F.3d 753, 762 (D.C. Cir. 1997).  The court is limited

to considering facts alleged in the complaint, any documents attached to or incorporated in the

complaint, matters of which the court may take judicial notice, and matters of public record.  *See

St. Francis Xavier Sch.*, 117 F.3d at 624; *Marshall County Health Care Auth. v. Shalala*, 988

F.2d 1221, 1226 n.6 (D.C. Cir. 1993).  Factual allegations in briefs of memoranda of law may not

be considered when deciding a Rule 12(b)(6) motion, particularly when the facts they contain

contradict those alleged in the complaint.  *Henthorn v. Dep't of Navy*, 29 F.3d 682, 688 (D.C.

Cir. 1994); *cf. Behrens v. Pelletier*, 516 U.S. 299, 309, 116 S. Ct. 834, 133 L. Ed. 2d 773 (1996)

(when a motion to dismiss is based on the complaint, the facts alleged in the complaint control).

### III: DISCUSSION

The Court shall begin its analysis by focusing on Defendant's contention that since

Plaintiff Will LaRue–a party to this litigation–personally perfected service upon Defendant,

service was improper.  Following this discussion, the Court shall turn to an examination of

Defendant's contention that pursuant to the IRC's exhaustion of administrative remedies

requirement, 26 U.S.C. § 7433(d), the Court lacks jurisdiction to hear the merits of Plaintiffs'

damages claim.  Next, the Court will address the Anti-Injunction Act and Plaintiffs' request for

injunctive relief.  Finally, the Court will *sua sponte* determine whether it has subject matter

jurisdiction over the declaratory relief requested by Plaintiffs.[6]

> A.    *Defendant's Motion to Vacate Entry of Default and to Dismiss for Insufficient Service of Process Pursuant to Federal Rules of Civil Procedure 12(b)(4) and (b)(5)*

Plaintiffs in this case attempted to effectuate service upon Defendant the United States

through the procedure described in Federal Rule of Civil Procedure 4(i)(1), which provides that:

> Service upon the United States shall be effected
>
> > A.    by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United

---

[6] Defendant does not address Plaintiffs' request for declaratory relief in its Motion to Dismiss or Reply.

> States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk of the United States attorney and
>
> B.  by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia . . . .

Fed. R. Civ. P. 4(i)(1)(A)–(B).  Indeed, an examination of Plaintiffs' Return of Service, which attached certified mail return receipts, reveals that Plaintiffs did mail a copy of the Summons and Complaint via certified mail to the Attorney General and the United States Attorney for the District of Columbia on January 18, 2006.  *See* Pls.' [6] Return of Service at 3, 6.  However, Plaintiffs' Return of Service/Affidavit of Summons and Complaint indicates that Plaintiff Will LaRue–a party to this action–was the individual that served the summons via mail.  *See id.* at 2, 5 (showing LaRue's signature).

Importantly, Federal Rule of Civil Procedure 4(c)(2) provides that "[s]ervice may be effected by *any person who is not a party* and who is at least 18 years of age." Fed. R. Civ. P. 4(c)(2) (emphasis added).  While there has been some debate as to whether this restriction is limited to personal service only, or applies to all methods of service, *see Lindsey v. United States*, Civ. A. No. 05-1761(RBW), --- F. Supp. 2d ----, 2006 WL 2413720, at *4–*7 (D.D.C. Aug. 22, 2006) (discussing this debate), virtually every court that has addressed the issue has concluded that Rule 4(i)(1) must be read in conjunction with the restrictions set out in Rule 4(c)(2). *See, e.g.*, *id.* at *5–*6; *MacLafferty v. United States*, Civ. A. No. 06-279(RMU), 2006 WL 2465391, at *1 (D.D.C. Aug. 24, 2006) (same); *Burton v. United States*, Civ. A. No. 05-2121(RMU), 2006 WL 2465392, at *1 (D.D.C. Aug. 24, 2006) (same); *Donnally v. United States*, Civ. A. No. 05-

10

2049(RMU), 2006 WL 2465394, at *1 (D.D.C. Aug. 24, 2006) (same); *Foster v. United States*,

Civ. A. No. 05-1759(RMU), 2006 WL 2473615, at *1 (D.D.C. Aug. 24, 2006) (same); *Heath v.*

*United States*, Civ. A. No. 05-2331(RMU), 2006 WL 2473616, at *1 (D.D.C. Aug. 24, 2006)

(same); *Daniels v. G & M Towing*, Civ. A. No. 05-2647, 2006 U.S. Dist. LEXIS 15027, at *3-*4

(N.D. Ohio Mar. 31, 2006) (holding that requirement in Rule 4(c)(2) that service be effected by a

non-party applies to service on the United States pursuant to Rule 4(i)(1)); *accord* Charles Alan

Wright & Arthur R. Miller, 4A *Federal Practice & Procedure* § 1106, at 151 & n.13 (2d ed.

1987) (explaining that "[b]oth the delivery or mailing of process to the local United States

attorney . . . and the mailing of copies of the summons and complaint to the Attorney General . . .

should be accomplished by one of the persons authorized to make service by Rule 4(c)," but also

noting that "there is no apparent reason why a person specified in Rule 4(c), rather than plaintiff

or plaintiff's attorney, should be required to mail the copies of process to be served on the

Attorney General . . .").

      Given the fact that Plaintiff Will LaRue effected service himself by sending the summons

and Complaint in this case by certified mail to the Attorney General and the United States

Attorney for the District of Columbia, it is clear that Plaintiffs did not comply with the basic

requirements of Federal Rule of Civil Procedure 4(c)(2).  As such, the apparent service upon

Defendant was defective. "It is axiomatic that no valid judgment can be entered against the

United States without proper service." Charles Alan Wright & Arthur R. Miller, 4A *Federal*

*Practice & Procedure* § 1106 at 146 (2d ed. 1987).

      However, the question then becomes how to treat Plaintiffs' defective service.  Federal

Rule of Civil Procedure 4(m) provides, in pertinent part, that "[f]ailure to comply with the

requirements of this Rule shall result in the dismissal without prejudice of the complaint."  Fed.

R. Civ. P. 4(m).  Pursuant to this general rule, as construed by the D.C. Circuit in *Light*, 816 F.2d

at 750, Judge Ricardo M. Urbina–in *MacLafferty*, *Burton*, *Donnally*, *Foster*, and

*Heath*–dismissed similar actions brought by other tax protestors that suffered the same defective

service problem as is present in this case.  While the Court certainly understands this course of

logic, and emphasizes that it certainly *could* grant Defendant's Motion to Dismiss in its entirety

based on this reasoning, the Court is hesitant to take such a step in light of the considerations

outlined by Judge Reggie B. Walton in *Lindsey*.  *See Lindsey*, --- F. Supp. 2d ----, 20006 WL

2413720, at *7.  Namely, notwithstanding the fact that Plaintiffs' Complaint is basically identical

to those filed in numerous other "*pro se*" cases in this jurisdiction, *see supra* n.2, Plaintiffs are

technically proceeding *pro se*.  As such, their Complaint must therefore be held to "less stringent

standards than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.

Ct. 594, 30 L. Ed. 2d 652 (1972); *see also Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111,

1113 n.2 (D.C. Cir. 2000).  Courts within this circuit have consistently interpreted the Supreme

Court's instruction in *Haines* as encompassing all filings submitted by *pro se* litigants, not just

their pleadings.  *See, e.g.*, *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999)

(holding that "[c]ourts must construe pro se filings liberally"); *Voinche v. Fed. Bureau of

Investigation*, 412 F. Supp. 2d 60, 70 (D.D.C. 2006) (observing that "[t]his Court gives *pro se*

parties the benefit of the doubt and may ignore some technical shortcomings of their filings" and

applying the *Haines* rule to a plaintiff's summary judgment motion).

Indeed, the D.C. Circuit itself has emphasized that "[p]ro se litigants are allowed more

latitude than litigants represented by counsel to correct defects in service of process and

12

pleadings." *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993).  Although

"district courts do not need to provide detailed guidance to pro se litigants," they should at least

"supply [*pro se* plaintiffs] minimal notice of the consequences of not complying with procedural

rules." *Id.*; *see also Calloway v. Brownlee*, 366 F. Supp. 2d 43, 55 (D.D.C. 2005) (holding that

the court "must take pains to protect the rights of *pro se* parties against the consequences of

technical errors") (citing *Haines*, 404 U.S. at 520, 92 S. Ct. 594).  Pursuant to *Moore*, courts

within this jurisdiction have adhered to the basic premise that "rules governing service of process

should not be enforced with draconian rigidity where courts have not first informed *pro se*

plaintiffs of the consequences of failing to effect proper service and where defendants are in no

material way prejudiced by a minor defect in the manner in which service of process was

attempted."  *Lindsey*, --- F. Supp. 2d ----, 2006 WL 2413720, at *6 n.6 (citing *Thomas v. Knight*,

257 F. Supp. 2d 86, 88 n.1 (D.D.C. 2003) ("[n]ormally, the Court would give a *pro se* plaintiff an

opportunity to perfect service of process"); *Hilska*, 217 F.R.D. at 22 (citing *Moore* and denying

motion to dismiss a *pro se* plaintiff's complaint for insufficient service of process where plaintiff

had not received minimal notice of the consequences of failing to make proper service).

     Here, prior to the issue raised by Defendant in its Motion to Dismiss, the Court had

provided no service-related instruction to Plaintiffs of the kind required by *Moore*, 994 F.2d at

876, making clear the consequences of failing to perfect service of process.  Moreover, as was

the case in *Lindsey*, "the particular defect in the service performed by [P]laintiffs was not

significant."  *Lindsey*, --- F. Supp. 2d ----, 2006 WL 2413720, at *7.  As Judge Walton stressed,

"the defendant cannot seriously contend that the identity of the person who sent the summons

and complaint by certified mail prejudiced the defendant in any way."  *Id.*  In short,

> [w]hatever policies underlie Rule 4(c)(2)'s requirement that parties not effect service of process themselves would not be served by dismissing this case on the grounds that one of the *pro se* plaintiffs himself mailed the summons and complaint to the defendant rather than soliciting a stranger to mail them on the plaintiffs' behalf.

*Id.* In sum, given the rather insignificant defect in service, the traditional leniency granted to *pro se* plaintiffs, and the fact that Defendant clearly has notice of this action and has made an appearance, the Court shall deny Defendant's Motion to Dismiss to the extent that it seeks dismissal solely based on insufficient service of process. Instead, the Court shall turn its analysis to the other major arguments forwarded by Defendant, which ultimately strike at the very ability of this Court to adjudicate Plaintiffs' claims.

      B.      *Defendant's Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6)*

      The claim for damages contained in Plaintiffs' Amended Complaint provides that "[u]pon a determination that the defendant[] . . . in connection with the collection of federal tax from the plaintiff(s), willfully, recklessly, intentionally or by reason of negligence, disregarded any provision of Title 26 United States Code . . . plaintiff(s) seek(s) an ORDER: . . . directing defendants to pay damages in accordance with section 7433; and, . . . directing defendants to pay such other and further damages as the deems just and proper[.]"  Am. Compl. at 26.  In response, Defendant maintains that Plaintiffs' claim for damages must be dismissed because they have not exhausted their administrative remedies as required by 26 U.S.C. § 7433.  Def.'s Mem. to Dismiss at 1–3.

      Section 7433(d)(1) provides that "[a] judgment for damages shall not be awarded . . . unless the court determines that the plaintiff exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." *Id.*  Consistent with Section 7433(d)(1), the

14

IRS has promulgated regulations that establish procedures to be followed by a taxpayer who

believes that IRS officials have disregarded provisions of the tax code in their collection

activities.  *See* 26 C.F.R. § 301.7433-1.  Specifically, these regulations require that an aggrieved

taxpayer first submit his or her claim "in writing to the Area Director, Attn: Compliance,

Technical Support Manager[,] of the area in which the taxpayer currently resides," and further

requires that the claim include:

    i.      The name, current address, current home and work telephone numbers and any convenient times to be contacted, and taxpayer identification number of the taxpayer making the claim;

    ii.      The grounds, in reasonable detail, for the claim (include copies of any available substantiating documentation or correspondence with the Internal Revenue Service);

    iii.      A description of the injuries incurred by the taxpayer filing the claim (include copies of any available substantiating documentation or evidence);

    iv.      The dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable (include copies of any available substantiating documentation or evidence); and

    v.      The signature of the taxpayer or duly authorized representative.

*Id.*

If such a claim is filed and the IRS has either issued a decision on the claim <u>or</u> has

allowed six months to pass from the date of filing without acting on it, the taxpayer may proceed

to file suit in federal district court pursuant to 28 U.S.C. § 7433(a).  *See* 26 C.F.R. § 301.7433-

1(d)(1).  The regulations also provide for immediate filing of suit *following the submission of the*

*administrative claim* if the claim is submitted during the last six months of the two-year statute-

of-limitations period.  *See id.* § 301.7433-1(d)(2).

15

While many courts have treated a failure to meet the exhaustion requirement of 26 U.S.C. § 7433(d)(1) as jurisdictional, and thereby covered by a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), *see Turner v. United States*, 429 F. Supp. 2d 149, 155 (D.D.C. 2006) (collecting examples), this Court – based on the analysis set forth by Judge John D. Bates in *Turner*, 429 F. Supp. 2d at 153-55, and Judge Walton in *Lindsey*, --- F. Supp. 2d ----, 2006 WL 2413720, at *9-*10, *11-*13 – concludes that the D.C. Circuit's decision in *Avocados Plus, Inc. v. Veneman*, 370 F.3d 1243, 1247-48 (D.C. Cir. 2005), and the United States Supreme Court's ruling in *Arbaugh v. Y & H Corp.*, --- U.S. ---, 126 S. Ct. 1235, 1242-43, 163 L. Ed. 2d 1097 (2006), entail that the requirements of 26 U.S.C. § 7433(d)(1) are non-jurisdictional in character. As such, any motion seeking dismissal under Section 7433(d)(1) is better characterized as a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

In response to the exhaustion requirement set forth in Section 7433(d)(1) and focused on by Defendant, Plaintiffs make two diametrically opposed arguments. First, Plaintiffs' Amended Complaint makes the blanket assertion that they "exhausted administrative remedies in that plaintiff(s) has/have written numerous requests for documents and authorities which require responses from the IRS. The IRS has demonstrated contempt for plaintiff(s) correspondence by failing and/or refusing to respond to plaintiff(s) correspondence or has responded with frivolous responses." Am. Compl. at 4. However, like the plaintiff in *Waller v. United States*, Civ. A. No. 06-1112(ESH), 2006 WL 2472781, at *2 (D.D.C. July 7, 2006), Plaintiffs here have failed to explain *how* they exhausted their administrative remedies. *See id.* ("Tax payer is . . . required to provide any substantiating documentation supporting his claim.").

16

Following this Court's [7] Order dated April 7, 2006, requiring Plaintiffs to "explain how they have 'exhausted all administrative remedies,'" Plaintiffs issued a response arguing that they were excepted from exhausting administrative remedies since the IRS had "'articulated a very clear position on the issue which it has demonstrated it would be unwilling to reconsider.'"  Pls.' [11] Resp. to Order to Show Cause at 1 (quoting *Randolph Sheppard Vendors of Am. v. Weinberger*, 795 F.2d 90, 105 (D.C. Cir. 1986)).  Thus, rather than demonstrating that Plaintiffs had filed any claim for administrative relief, Plaintiffs instead chose to attack the merits of the IRS's administrative process.  *See* Pls.' [11] Resp. to Order to Show Cause at 3–18 (providing a history of the TBOR, and arguing, in part, that the regulations in question are illegal and present a futile avenue for relief).

Given that Plaintiffs have produced no evidence that they pursued, let alone exhausted, the proper administrative remedies, they cannot avoid exhaustion-based dismissal through this argument.  *See McGuirl v. United States*, 360 F. Supp. 2d 125, 128 (D.D.C. 2004) (granting dismissal because "[a]lthough the plaintiffs assert that they 'have exhausted all of their remedies at least three-fold times,' they offer no evidence that they pursued" or exhausted the required administrative remedies); *see also Waller*, 2006 WL 2472781, at *2 (same).

Second, Plaintiffs have essentially contradicted their initial assertion that they did exhaust their administrative remedies under Section 7433(d)(1) by instead focusing their argument on a contention that they fall into at least one of the demarcated exceptions to the exhaustion requirement.  Specifically, Plaintiffs contend that they "may forego exhausting any administrative remedies that are either futile or inadequate, . . . or when agency action exceeds statutory authorization."  Am. Compl. at 3.  These arguments are without foundation.

17

Inadequacy of Administrative Remedies:  First, Plaintiffs pleadings do not actually contain any allegations that the administrative remedies available to them are inadequate.  All that exists in the pleadings is the contention that Plaintiffs "may forego" exhausting inadequate administrative remedies.  *Id.*  Presenting a legal standard in the absence of asserting that the standard actually applies to Plaintiffs, let alone any support to this effect, provides no basis by which the Court may actually apply that legal standard.

Further, assuming *arguendo* that Plaintiffs actually claim that the administrative process contemplated by 26 U.S.C. § 7433(d)(1) and 26 C.F.R. § 301.7433-1 is "inadequate" with respect to their request for damages, such an argument would be unsupportable.  The pertinent IRS regulations accompanying Section 7433 provide for the exact relief sought by Plaintiffs in this case – i.e., money damages.  *See* 26 C.F.R. § 301.74331(e) (providing that taxpayers may recover up to $1,000,000, or $100,000 in the case of negligence, in damages through the administrative process).  Indeed, numerous courts have concluded that these procedures are plainly "adequate" in the face of a challenge similar to the one made here by Plaintiffs.  *See, e.g.*, *Ting v. United States*, Civ. A. No. 06-419 (HHK), 2006 WL 1774516, at *2 (D.D.C. June 27, 2006) (rejecting tax protester's contention that the Section 7433 administrative procedures were "inadequate"); *Glass v. United States*, 424 F. Supp. 2d 224, 227-28 (D.D.C. 2006) (same).  Accordingly, the Court finds this argument to be without merit.

Futility of the Administrative Process:  Plaintiffs also assert that they may avoid the required administrative process because such procedures are virtually certain to prove futile.[7]

---

[7]  These assertions do not accompany the Amended Complaint.  Rather they are communicated to the Court by way of Plaintiffs' Response to the Court's order to show cause how they had exhausted their administrative remedies.  Pls.' [11] Resp. to Order to Show Cause at 3–18.

According to Plaintiffs, the IRS has demonstrated its unwillingness to reconsider Plaintiffs'

position, and therefore, pursuing administrative remedies in this case is futile.  Pls.' [11] Resp. to

Order to Show Cause at 3–18.  Two problems immediately arise with respect to this assertion.

First, although Plaintiffs are correct that courts sometimes relieve plaintiffs of exhaustion

requirements, *see, e.g.*, *McCarthy v. Madigan*, 503 U.S. 140, 146, 112 S. Ct. 1081, 117 L. Ed. 2d

291 (1992) ("[A]dministrative remedies need not be pursued if the litigant's interests in

immediate judicial review outweigh the government's interests in the efficiency or administrative

autonomy that the exhaustion doctrine is designed to further[]"), this decision is generally only

possible when the exhaustion requirement is itself a judicial creation.  *See Turner*, 429 F. Supp.

2d at 152; *cf. Randolph-Sheppard Vendors of Am. v. Weinberger*, 795 F.2d 90, 106 (D.C. Cir.

1986) (recognizing that even where the exhaustion requirement is not explicitly mandated by

statute, it "may be waived in 'only the most exceptional circumstances' . . . .  Even the

probability of administrative denial of the relief requested does not excuse failure to pursue [the

administrative remedies]") (citations omitted).  By contrast, when exhaustion is mandated by

statute, courts are not free to carve out exceptions that are not supported by the text.  *See*

*McCarthy*, 503 U.S. at 144, 112 S. Ct. 1081 ("Where Congress specifically mandates, exhaustion

is required."); *Avocados Plus*, 370 F.3d at 1247-48 ("If [a] statute does mandate exhaustion, a

court cannot excuse it.") (citation omitted).  With respect to Section 7433(d)(1), "Congress's

decision in 1998 to revert to the pre-1996 amendment language clearly demonstrates an intention

to mandate exhaustion." *Turner*, 429 F. Supp. 2d at 152 n.3 (citing Internal Revenue Service

Restructuring & Reform Act of 1998, Pub. L. No. 105-206, § 3102(a)(2), 112 Stat. 685).

Accordingly, the Court's hands are tied, and Plaintiffs are required to follow the exhaustion

procedures set out by the IRS. *See also Waller*, 2006 WL 2472781, at *2 (reaching the same conclusion).

Second, similar to the plaintiff in *Ting*, Plaintiffs here have not alleged any facts sufficient to support the proposition that an effort to follow the required procedure would have been "futile." *See Ting*, 2006 WL 1774516, at *2. Indeed, because Plaintiffs have ignored the administrative remedies available to them, they lack any basis to argue that the IRS would not have responded to, or taken delivery of, their claim. *Id.* Persuasive precedent is unanimously in line with this finding, as courts have repeatedly rejected similar futility arguments brought forth by other tax protesters. *See, e.g.*, *id.*; *Scott v. United States*, 416 F. Supp. 2d 116, 118 (D.D.C. 2006); *Glass*, 424 F. Supp. 2d at 229. Accordingly, the Court finds Plaintiffs' attempt to avoid the requirement of administrative exhaustion through a "futility" analysis to be without support.

Exceeding Statutory Authority: The exhaustion requirement contemplated by 26 U.S.C. § 7433(d)(1) and 26 C.F.R. § 301.7433-1 is a statutory creation. Therefore, since the Court is "not free to rewrite statutory text," the Court equally is not free to excuse the exhaustion requirements mandated by statute. *See Turner*, 420 F. Supp. 2d at 153 (citing *McNeil v. United States*, 508 U.S. 106, 111, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993) ("The command than an "action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and set by certified or registered mail' is unambiguous. We are not free to rewrite statutory text.").

Accordingly, the Court determines that Plaintiffs' inadequacy, futility, and statutory authorization arguments are without merit. Instead, the exhaustion requirement set forth in Section 7433(d)(1) and 26 C.F.R. § 301.7433-1 applies to Plaintiffs. Given that Plaintiffs have

20

plainly failed to exhaust their administrative remedies, the Court – pursuant to Federal Rule of Civil Procedure 12(b)(6) – must dismiss Plaintiffs' request for "damages" for failure to state a claim.

      C.     *Plaintiffs' Declaratory Judgment and Injunctive Relief Requests*

          1.    <u>Injunctive Relief is largely barred by the Anti-Injunction Act</u>

Plaintiffs' Complaint seeks an injunction directing Defendants to comply with the law and "amend" their wrongful conduct. *See* Am. Compl. at 26. However, most of Plaintiffs' claims run into an apparent jurisdictional bar. The Anti-Injunction Act provides, in relevant part:

> Except as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

26 U.S.C. § 7421(a). According to the Supreme Court, the language of the Anti-Injunction Act "could scarcely be more explicit." *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736, 94 S. Ct. 2038, 40 L. Ed. 2d 496 (1974). That is, "[t]he object of § 7421(a) is to withdraw jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes." *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 5, 82 S. Ct. 1125, 8 L. Ed. 2d 292 (1962); *see also Lindsey*, --- F. Supp. 2d ----, 2006 WL 2413720, at *9 (determining that defendant's Anti-Injunction Act argument challenged the court's subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1)).

Importantly, only two of the statutory exceptions delineated in Section 7421 are arguably applicable here; the remainder of Plaintiffs' claims provide improper bases for injunctive relief as set forth in 26 U.S.C. § 7421(a). Plaintiffs' Amended Complaint, which asserts the violation of

numerous provisions of the IRC, refers to 26 U.S.C. § 6212 and 6213(a).  Am. Compl. at 4-14.

Plaintiffs' allegation concerning 26 U.S.C. § 6212 states:

> Beginning with 'tax year' 1989 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 U.S.C. § 6212 by failing to send plaintiff(s) a notice of deficiency (90 day letter) for each of the aforementioned years[.]

Am. Compl. at 7-8.  While Plaintiffs' Amended Complaint references § 6212 rather than

specifically § 6212(a) or (c), the substance of Plaintiffs' claim seemingly falls within the rubric

of 26 U.S.C. § 6212(a), which states:

> If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitles A or B or chapter 41, 42, 43, or 44, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail.  Such notice shall include a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

26 U.S.C. § 6212(a).

Plaintiffs' allegation concerning 26 U.S.C. § 6213(a) states:

> Beginning with 'tax year' 1989 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 U.S.C. § 6213(a) by failing to notice plaintiff(s) of the last date on which plaintiff(s) could file a petition to the Tax Court for each of the aforementioned years[.]

Am. Compl. at 8.  Section 6213(a) provides that "[n]otwithstanding the provisions of section

7421(a), the making of such assessment or the beginning of such proceeding or levy during the

time such prohibition is in force may be enjoined by a proceeding in the proper court[.]"  26

U.S.C. § 6213(a).  Plaintiffs' pleadings do not seem to allege the factual predicates necessary for

this Court to issue an injunction in connection with these allegations.  For instance, nowhere in

22

Plaintiffs' pleadings is it alleged that Plaintiffs have been deficient in their taxes, that the Secretary of Treasury has determined Plaintiffs to be so deficient, that Plaintiffs' deficiency is for a given sum of taxes, nor do Plaintiffs set forth specific facts related to the alleged failures to give notice.  However, given the liberal pleading requirements of Federal Rule of Civil Procedure 8(a), this Court elects not to dismiss Plaintiffs' request for an injunction in connection with Defendant's alleged violation of 26 U.S.C. § 6212(a) and 6213(a).  *See* Fed. R. Civ. P. 8(a) (establishing the requirements that a complaint need only present "a short and plain statement of the claim showing that the pleader is entitled to relief"); *see also Schuler*, 617 F.2d at 608 (expressing this consideration as a "liberal" approach to a plaintiff's pleadings).  However, the Court shall require Plaintiffs to file additional information and a clarification of these claims in a Second Amended Complaint as set forth in the Conclusion of this Memorandum Opinion and in the accompanying Order while holding in abeyance Defendant's Motion to Dismiss with respect thereto until the Court receives such additional information by January 12, 2007.  Should Plaintiffs not file such information in a Second Amended Complaint, the Court shall dismiss the remaining claims and the case.

### 2.    Declaratory Judgment is Barred by the Declaratory Judgment Act

Another of the "remed[ies] sought" by Plaintiffs in their Complaint includes a declaratory judgment that Defendant has violated one or more of the demarcated IRC provisions.  *See* Am. Compl. at 26.  While Defendant has not briefed the Court on this issue nor otherwise responded to Plaintiffs' request for declaratory judgment, "[i]t is well established that a federal court cannot act in the absence of jurisdiction, and that jurisdictional issues may be raised by the court *sua*

*sponte*." *Am. Library Ass'n v. Fed. Commc'ns Comm'n*, 492 F.3d 489, 492 (D.C. Cir. 2005) (internal citations omitted).

     Specifically, Plaintiffs seek a

> [d]etermination that the defendant's principals, officers, agents, and/or employees of the Internal Revenue Service in connection with the collection of federal tax from the plaintiff(s), willfully, recklessly, intentionally or by reason of negligence, disregarded any provision of Title 26 United States Code and/or any regulation promulgated under Title 26 United States Code.

Am. Compl. at 26.  Unfortunately for Plaintiffs, the Declaratory Judgment Act provides:

> In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986*, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(10) of the Tariff Act of 1930), as determined by the administering authority, any court of the United States, upon filing an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.  Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a) (emphasis added).  As such, the authority conferred to the Court by Section 2201(a) to provide declaratory relief clearly does not extend to federal taxation cases unless the case arises under 26 U.S.C. § 7428.  Plaintiffs' Amended Complaint plainly does not implicate Section 7428, which permits certain federal courts to entertain challenges to determinations made by the Secretary of the Treasury as to whether an entity qualifies as a tax-exempt non-profit organization under 26 U.S.C. § 501(c)(3) or 26 U.S.C. § 170(c)(2), a private foundation pursuant to 26 U.S.C. § 509(a) or 26 U.S.C. § 4942(j)(3), or a cooperative under 26 U.S.C. § 521(b).  *See* 26 U.S.C. § 7428(a)(1).

     Given that Plaintiffs do not fall within one of the exceptions set out in the Declaratory

Judgment Act, this Court clearly does not have a jurisdictional basis upon which to hear their declaratory relief claim. *See Nat'l Taxpayers Union, Inc. v. United States*, 68 F.3d 1428, 1431-32 (D.C. Cir. 1995) (noting that 28 U.S.C. § 2201(a) imposes a jurisdictional barrier to suit). Accordingly, the Court shall *sua sponte* dismiss this claim pursuant to Federal Rule of Civil Procedure 12(b)(1) to the extent that it presents a jurisdictional challenge to Plaintiffs' request for declaratory judgment. *See Lindsey*, --- F. Supp. 2d ----, 2006 WL 2413720, at *8, *16 (reaching the same conclusion).

## IV: CONCLUSION

For the reasons set forth above, the Court shall GRANT IN PART and HOLD IN ABEYANCE in part Defendant's [9] Motion to Dismiss, dismissing all claims except for those requesting an injunction in connection with alleged violations of 26 U.S.C. § 6212(a) and 6213(a). This case, in all other respects, shall be dismissed. With respect to Plaintiffs' remaining claims for injunctive relief pursuant to 26 U.S.C. § 6212(a) and 6213(a), the Court shall require Plaintiffs to file a Second Amended Complaint inclusive of only these two claims and, if appropriate, attaching any and all documentation to support said claims by January 12, 2007. The Court notes that Plaintiffs submitted some documentation as attachments to its improperly filed [22] Addendum to its Complaint; Plaintiffs must resubmit any and all documentation including such forms properly explaining how such forms relate to Plaintiffs' claim such that the Court can properly rule on Defendant's Motion to Dismiss with respect thereto. If the Court requires updated briefing from Defendant after Plaintiffs' Second Amended Complaint is filed, the Court will so indicate via Minute Entry. If Plaintiffs fail to file an updated Second Amended Complaint including ONLY claims for injunctive relief pursuant to 26 U.S.C.

§ 6212(a) and 6213(a) and a proper factual basis and supporting documentation, if appropriate, with respect to the application of such claims to Plaintiffs' individual circumstances (as opposed to a boilerplate filing), the Court will dismiss these two remaining claims and the case. The Court emphasizes that the only claims that presently remain in this case are Plaintiffs' alleged violations of 26 U.S.C. § 6212(a) and 6213(a) and their corresponding requests for injunctive relief–all of Plaintiffs' claims for damages and declaratory relief have been dismissed and may not be further pursued before this Court. An appropriate Order accompanies this Memorandum Opinion.

Date:   December 4, 2006

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge