UNITED STATES DISTRICT COURT
IN THE DISTRICT OF COLUMBIA

Will H LaRue,
Mary Catherine LaRue

        Plaintiff(s),

v.

United States
        Defendant.

Case No. **1:06-cv-00061**

2nd AMENDED COMPLAINT

Pursuant to the Courts order plaintiffs file a 2nd amended complaint.

Plaintiff adopts the jurisdiction as set forth in plaintiffs' first amended complaint.

Additionally plaintiffs allege that this Court has jurisdiction pursuant to the Anti-Injunction Act 26 U.S.C. § 7421(a).

As a cause of action plaintiffs allege as follows:

1. That defendant failed to provide plaintiffs a Notice of Deficiency in accordance with IRC § 6212.

2. That defendant failed to give notice of the last day for filing for redetermination of such phantom deficiency in accordance with IRC § 6213

3. That defendant failed to afford plaintiff a meaningful Collection Due Process hearing in accordance with IRC 6230/6330.

LEGAL AUTHORITIES

Pursuant to plaintiffs' 1st amended complaint counsel asserts that the AIA prohibits

the Court from enjoining defendant's agents/agency from *further* disregarding statute(s) and regulation(s) in exercising delegated authority. As noted by by the Honorable Colleen Koller-Kotelly in the instant matter:

> The Anti-Injunction Act provides, in relevant part:
>
> Except as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

26 U.S.C. § 7421(a).

The Honorable Colleen Koller-Kotelly further states that the Anti-Injunction Act "could scarcely be more explicit" (quoting Bob Jones Univ. v. Simon, 416 U.S. 725, 736, 94 S. Ct. 2038, 40 L. Ed. 2d 496 (1974)).

Plaintiff specifically alleges that defendant failed to provide plaintiffs a Notice of Deficiency in accordance with IRC § 6212, arguably "within the rubric of 26 U.S.C. § 6212(a), which states:

> "If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitles A or B or chapter 41, 42, 43, or 44, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail. Such notice shall include a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office."

*Larue v. United States*, (DDC 06-61).

Plaintiff specifically alleges that defendant failed to give notice of the last day for filing for redetermination of such phantom deficiency in accordance with IRC § 6213,

arguably "within the rubric" of 26 U.S.C. § 6213(a). Section 6213(a) provides that "[n]otwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court[.]" 26 U.S.C. § 6213(a).

Plaintiff specifically alleges that defendant failed to afford Plaintiff a meaningful Collection Due Process in accordance with IRC 6230/6330.

Plaintiff has alleged that defendant failed to allege at least three of the Anti-Injunction Act's exceptions,.

Based upon the foregoing, Plaintiff respectfully seeks an order of the Court granting plaintiffs an injunction against all collection action.

Dated Jan. 27th, 2007

*Will H. LaRue* (signature)
Will H LaRue
PO Box 276
Peoria, AZ  85380-0276


*Mary Catherine LaRue* (signature)
Mary Catherine LaRue
PO Box 276
Peoria, AZ  85380-0276

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the forgoing on:

Beatriz T. Saiz
U.S. DEPARTMENT OF JUSTICE
Ben Franklin Station
P.O. Box 227
Washington, DC 20044


Dated _____Jan. 27th,_____, 2007


_____
Will H LaRue

Will H LaRue v. United States.        page 4 of 4 pages        Motion for Entry of Default