UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILL & MARY LARUE,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Civil Action No. 06-61 (CKK) |

**MEMORANDUM OPINION**
(July 12, 2007)

On December 4, 2006, the Court issued an [26] Order and accompanying [27] Memorandum Opinion, ordering that Defendant's [9] Motion to Dismiss was granted in part and held in abeyance in part; ordering that all of Plaintiffs' claims were dismissed except for those requesting an injunction in connection with alleged violations of 26 U.S.C. § 6212(a) and 6213(a); and ordering that with respect to Plaintiffs' remaining claims for injunctive relief pursuant to 26 U.S.C. § 6212(a) and 6213(a), "the Court shall require Plaintiffs to file a Second Amended Complaint inclusive of only these two claims and attaching any and all documentation, if appropriate, to support said claims by January 12, 2007." The Court indicated that "[i]f Plaintiffs fail to file an updated Second Amended Complaint including ONLY claims for injunctive relief pursuant to 26 U.S.C. § 6212(a) and 6213(a) and a proper factual basis and supporting documentation, if appropriate, with respect to the application of such claims to Plaintiffs' individual circumstances (as opposed to a boilerplate filing) by January 12, 2007, the Court will dismiss these two remaining claims and the case without further notice[.]" [26] Order at 2. The Court further indicated that "[i]f the Court requires updated briefing from Defendant

after Plaintiffs' Second Amended Complaint is filed, the Court will so indicate via Minute Entry." *Id.*

On January 10, 2007, Plaintiffs' [28] Request for Enlargement of Time to Amend Complaint was docketed; the Court granted said request until February 1, 2007. On January 29, 2007, Plaintiffs filed a [30] "Motion for Relief from Order of Dismissal Under Fed. R. Civ. P. 60(b)(3), (6)." Attached to this motion is a 97-page exhibit comprised solely of documents that do not mention Plaintiffs in any way; rather, said documents appear to be various memoranda related to I.R.S. statutes and procedures. Pursuant to Federal Rule of Civil Procedure 60(b), "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(3), (6). However, without express direction for the entry of judgment on particular claims under Federal Rule of Civil Procedure 54(b), court action which terminates fewer than all claims in a case is considered an interlocutory rather than a *final* decision and subject to revision at any time such that Rule 60 would not apply. *See Dellums v. Powell*, 566 F.2d 231, 234 (D.C. Cir. 1977) ("Rule 60(b) applies only to modifications of final judgments."); *Lewis v. United States*, 290 F. Supp. 2d 1, 3 (D.D.C. 2003) ("Rule 60[(b)] applies only to final judgements or orders, while Rule 54(b) applies to interlocutory orders that adjudicate fewer than all the claims in a given case."); *see also Hill v. Henderson*, 195 F.3d 671, 672 (D.C. Cir. 1999) (holding that a district court order dismissing one of several claims without making an explicit determination under Rule 54(b) is not a final decision subject to appellate

review). In this case, there had been no "final judgment, order, or proceeding" by the Court when Plaintiffs filed their Rule 60(b) Motion, as Defendants' Motion to Dismiss had been held in abeyance in part pending Plaintiffs' submission of and the Court's review of a Second Amended Complaint. Nor did the Court certify its partial dismissal of Plaintiffs' claims for interlocutory review under Federal Rule of Civil Procedure 54. However, even if the Court loosely construed Plaintiffs' [30] Motion and accompanying Memorandum as a request that the Court reconsider its prior dismissal of various claims in its [26] Order and accompanying [27] Memorandum Opinion, Plaintiffs' Motion has no merit. First of all, the Court notes that approximately six pages of Plaintiffs' Memorandum pertain to personal service; however, in the Court's [27] Memorandum Opinion, the Court explicitly denied Defendant's Motion to Dismiss on personal service grounds. The remaining content of Plaintiffs' Motion and Memorandum includes allegations that Defendant's legal arguments perpetrated a "fraud" upon the Court or simply repeats general legal arguments already made by Plaintiffs and rejected by the Court. In fact, the only specific tie to the Court's actual [27] Memorandum Opinion is Plaintiffs' argument that three of its claims fall outside of the purview of the Anti-Injunction Act. The Court, however, as noted above, explicitly permitted Plaintiffs to file a Second Amended Complaint with respect two of the claims cited by Plaintiffs–those pursuant to 26 U.S.C. § 6212(a), and § 6213(a)–which the Court explicitly indicated fell outside of the Anti-Injunction Act. With respect to the other claim, wherein "Plaintiff specifically alleged in the Verified Complaint that defendant failed to afford Plaintiff a meaningful Collection Due Process in accordance with IRC 6230/6330," Pls.' [30] Mem. at 25, the Court notes that only 26 U.S.C. § 6330(e)(1) is excepted from the Anti-Injunction Act, *see* 26 U.S.C. § 7421(a), which pertains specifically to a court's authority to

enjoin levy and collection proceedings during a pending collection hearing when such proceedings are suspended. As such, Plaintiffs' "IRC 6230/6330" general claim that "defendant failed to afford Plaintiff a meaningful Collection Due Process" falls outside of this exception to the Anti-Injunction Act. Accordingly, the Court shall DENY Plaintiffs' [30] Motion for Relief from Order of Dismissal Under Fed. R. Civ. P. 60(b)(3), (6).

On January 29, 2007, Plaintiffs also filed a [31] Second Amended Complaint. The Court notes that the Court did not request updated briefing from Defendant, such that the Court shall vacate the [33] Clerk's Entry of Default, as Plaintiffs' "Request for Clerks [*sic*] Entry of Default incorrectly states that "[t]he record shows that defendant has failed to plead or otherwise defend[,]" when the Court's [26] Order clearly indicated that "[i]f the Court requires updated briefing from Defendant after Plaintiffs' Second Amended Complaint is filed, the Court will so indicate via Minute Entry." [26] Order at 2.

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. ___, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *accord Erickson v. Pardus*, 551 U.S. ___, 127 S. Ct. 2197, 2200 (2007) (per curiam). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss,[1] to provide the "'grounds'" of "'entitle[ment] to relief,'" a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause

---

[1] Defendant's [9] Motion to Dismiss was filed pursuant to Federal Rule of Civil Procedure 12(b)(1), (2), (3), (5), and (6). Def.'s [9] Mot. to Dismiss at 1 ("Plaintiffs have not alleged sufficient facts to demonstrate that they are entitled to any relief.").

4

of action." *Id.* at 1964-65 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Instead, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp.*, 127 S. Ct. at 1965 (internal citations omitted). Hence, although "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is impossible, and 'that a recovery is very remote and unlikely,'" *id.* (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)), the "threshold requirement" of Fed. R. Civ. P. 8(a)(2) is "that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief,'" *id.* at 1966 (quoting Fed. R. Civ. P. 8(a)(2)).

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must construe the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations. *In re United Mine Workers of Am. Employee Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994); *see also Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) ("The complaint must be 'liberally construed in favor of the plaintiff,' who must be granted the benefit of all inferences that can be derived from the facts alleged."). While the court must construe the Complaint in the Plaintiff's favor, it "need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint." *Kowal v. MCI Comm'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Moreover, the court is not bound to accept the legal conclusions of the non-moving party. *See Taylor v. FDIC*, 132 F.3d 753, 762 (D.C. Cir. 1997). The court is limited to considering facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which the court may take judicial notice, and matters of public record. *See E.E.O.C. v.*

*St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997); *Marshall County Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 n.6 (D.C. Cir. 1993). Factual allegations in briefs of memoranda of law may not be considered when deciding a Rule 12(b)(6) motion, particularly when the facts they contain contradict those alleged in the complaint. *Henthorn v. Dep't of Navy*, 29 F.3d 682, 688 (D.C. Cir. 1994); *cf. Behrens v. Pelletier*, 516 U.S. 299, 309 (1996) (when a motion to dismiss is based on the complaint, the facts alleged in the complaint control).

Plaintiffs' three-page Second Amended Complaint includes the claims for injunctive relief pursuant to 26 U.S.C. § 6212(a) and 6213(a) that the Court permitted Plaintiffs to re-plead as well as an additional claim pursuant to "IRC § 6230/6330." 2d Am. Compl. at 1. In full, Plaintiffs "cause of action" is alleged as follows:

1. That defendant failed to provide plaintiff a Notice of Deficiency in accordance with IRC § 6212.

2. That defendant failed to give notice of the last day for filing for redetermination of such phantom deficiency in accordance with IRC § 6213.

3. That defendant failed to afford plaintiff a meaningful Collection Due Process hearing in accordance with IRC 6230/6330.[2]

*Id.* at 1. Plaintiffs provide no further facts or any other information to illuminate Plaintiffs' above-listed recitation of alleged violations of the Internal Revenue Code–no indication of when or how or with respect to what this list of alleged violations relates. *See* [27] Mem. Op. at 22-23 ("nowhere in Plaintiffs' pleadings is it alleged that Plaintiffs have been deficient in their taxes,

---

[2] While the Court explicitly stated that Plaintiffs' claim pursuant to "IRC 6230/6330" falls outside of the exceptions delineated in the Anti-Injunction Act, *see infra* at 3-4, the Court's assessment that Plaintiffs' Second Amended Complaint does not give Defendant fair notice of the claims included therein by providing no further indication of what is alleged beyond mention of each statute invoked applies equally to this claim.

that the Secretary of Treasury has determined Plaintiffs to be so deficient, that Plaintiffs' deficiency is for a given sum of taxes, nor do Plaintiffs set forth specific facts related to the alleged failures to give notice."). Even if the Court were to consider the 97-page exhibit attached to Plaintiffs' [30] "Motion for Relief from Order of Dismissal Under Fed. R. Civ. P. 60(b)(3), (6)" to have been intended by Plaintiffs to be attached to their Second Amended Complaint, the various memoranda comprising said attachment do not reference Plaintiffs in any way, appear to be related to I.R.S. statutes and procedures generally, and do not provide any factual basis or context for Plaintiffs' claims. Ultimately, the Court holds that Plaintiffs' Second Amended Complaint definitively does not "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp.*, 127 S. Ct. at 1964 (internal quotation and citation omitted). Accordingly, the Court shall GRANT the portion of Defendant's [9] Motion to Dismiss previously held in abeyance pursuant to Rule 12(b)(6).

Based on the aforementioned reasoning, the Court shall DENY Plaintiffs' [30] Motion for Relief from Order of Dismissal Under Fed. R. Civ. P. 60(b)(3), (6); VACATE the [33] Clerk's Entry of Default; GRANT the portion of Defendant's [9] Motion to Dismiss previously held in abeyance; and DISMISS this case in its entirety. An Order accompanies this Memorandum Opinion.

Date: July 12, 2007

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge